**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| | **CRIM. NO. 1:12-cr-266-02, -03 (RWR)** |
| **DWIGHT WARREN KNOWLES (2),** a.k.a. "Arizona" and | |
| **ORAL GEORGE THOMPSON (3),** a.k.a. "Chad,"  | |
| **Defendants.** | |

**GOVERNMENT'S OMNIBUS MOTION *IN LIMINE***

COMES NOW the United States of America, by and through undersigned counsel with the United States Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, and hereby files the Government's Omnibus Motion *in Limine* in advance of the commencement of trial on September 28, 2015, in the above-captioned matter. The Government respectfully requests this Court preclude the Defense from:

(1) Offering evidence, comments, or argument regarding the impact of incarceration, conviction, trial, or punishment on either Defendant's family;

(2) Conducting Jencks Act inquiries in the presence of the jury;

(3) Introducing the contents of agents' reports or notes to impeach witnesses (other than the agent who prepared the report) on the basis of inconsistent statements, publishing the contents of the report or notes to the jury, or suggesting to the jury in any way that the report or notes are a statement of the interviewed witness; and

(4) Offering the exculpatory out-of-court statements of the Defendants or their other co-conspirators.

## I.     PROCEDURAL BACKGROUND

The procedural history of this case has been discussed previously by the Government in earlier pleadings and in court.

## II.     REQUESTS FOR PRECLUSION OF CERTAIN EVIDENCE, COMMENTS, ARGUMENTS AND QUESTIONS

As the Supreme Court has noted, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).   Likewise, a defendant's proposed evidence should be excluded when it "would confuse the jury and misdirect the jury's focus from the issues properly before it." *United States v. Wellons*, 32 F.3d 117, 120 n.3 (4th Cir. 1994). Accordingly, the Government makes this motion *in limine* in order to narrow the issues for trial, to exclude irrelevant, extraneous, or unduly prejudicial arguments or evidence, and to expedite this Court's determination of legal disputes likely to arise during trial.   In turn, the Court is granted wide discretion in ruling on the Government's motion to preclude or admit evidence, comments, arguments, or questioning. *See, e.g., Herring v. New York*, 422 U.S. 853, 862 (1975).

### a.     To preclude Defense counsel from offering evidence, comments, or argument regarding the impact of incarceration, conviction, trial, or punishment on either the Defendant or the Defendant's family

The Defendants should not be permitted to draw attention to the effect of the Defendants' incarcerations (whether domestic or foreign), trial, or potential convictions and punishment on the Defendants' family members, including the families' needs for financial or emotional support. This kind of information is irrelevant and amounts to nothing more than an appeal to the sympathy of the jury.

Moreover, permitting the Defense to ask questions, or make comments or arguments on such themes could invite jury nullification. It is improper for a defendant to suggest in any way

that the jury should acquit even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *United States v. Edwards,* 101 F.3d 17, 19-20 (2d Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("[A] jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice . . . . [N]either the court nor counsel should encourage jurors to violate their oath").

The D.C. Circuit also adheres to the almost universal rule disapproving arguments that ask the jury to decide a criminal case on extraneous matters, or, in other words, to engage in jury nullification. *See, e.g., United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983); *United States v. Gorham*, 523 F.2d 1088, 1098 (D.C. Cir. 1975); *United States v. Dougherty*, 473 F.2d 1113, 1133-34 (D.C. Cir. 1972).

Accordingly, the Government requests a pre-trial ruling precluding any attempts by the Defense to confuse the jury with appeals based on emotion, sympathy, or other similar consideration as a result of the impact of the Defendants' incarceration, trial, conviction, or punishment on the Defendants' families.

**b.  To preclude Defense counsel from conducting Jencks Act inquiries in the presence of the jury**

At trial, the Defense is likely to question the Government's witnesses on whether all of their Jencks material has been provided to the prosecution team (and, in turn, to the Defense). The Defense is also likely to ask whether the witness made prior statements to government agents which the agents then documented in investigative reports or notes. The Government expects that the Defense would then demand their production in front of the jury. By doing this, the Defense

may imply to the jury, whether intentionally or otherwise, that the Government is wrongfully withholding material, or that the witness is being less than candid. In anticipation of this, and in accordance with the Court of Appeals' unequivocal holding in *Johnson v. United States*, 347 F.2d 803 (D.C. Cir. 1965), the Government requests that all Jencks Act inquiries made by Defense counsel be conducted outside the presence of the jury. *Id.* at 806 (holding that "in order to avoid undue prejudice which may arise from the jury's knowledge that Jencks Act statements were available to the accused, motions for their production should be made outside the hearing of the jury").

Apart from the prejudicial nature to both parties of conducting a Jencks Act inquiry in front of the jury, doing so can be laborious, time consuming, and confusing to the jury, as well as to the witness being questioned. *See* Fed. R. Crim. P. 403. There is no reason to subject the jurors to an endless, repetitive, and confusing series of questions with each witness concerning agents' investigative report and note-taking procedures. The Government is not trying to circumvent the Defense's efforts to examine the witnesses as to the existence of other Jencks material, but rather is asking that any such inquiry be done outside the presence of the jury.

c. **To preclude Defense counsel from introducing the contents of agent reports or agents' notes to impeach witnesses (other than the agent who prepared the report) on the basis of inconsistent statements, publishing the contents of the reports or notes to the jury, or suggesting to the jury in any way that the reports or notes are a statement of the interviewed witness**

The Government may call law enforcement agents who conducted interviews with witnesses, including confidential informants, which were memorialized in investigative reports. These reports (and any available notes) will be among the Jencks materials disclosed for any testifying agent to the extent that the statements in the reports or notes relate to the subject of his or her testimony. *See* 18 U.S.C. § 3500. However, these reports are not statements of the

4

interviewed individuals under the Jencks Act.  The Supreme Court has held that because the

Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment,

"only those statements which could properly be called the witness' *own words* should be made

available to the defense."  *Palermo v. United States*, 360 U.S. 343, 349, 352 (1959) (emphasis

added).  Thus, an agent's "summaries of an oral statement [made by the interviewee] which

evidence substantial selection of material[,]" or "statements which contain [an] agent's

interpretations or impressions" are "not to be produced."  *Id.* at 352-53.  Therefore, pursuant to

the holding in *Palermo*, these reports are not discoverable under the Jencks Act as statements of

the interviewed witness within the meaning of the statute, unless the witness reviewed and

adopted the report (which was not the practice in this case).  Thus, the reports to be disclosed for

any testifying agents are *not* statements of the interviewed witness under subsection (e)(1) of the

Jencks Act.  Moreover, because the reports are written after interviews are completed and reflect

the thought processes and interpretations of the *agent*, they do not constitute a contemporaneous

and substantially verbatim recital of the *witness'* statement under subsection (e)(2) of the Act.

The circuit courts have routinely held that witness interview summaries prepared by DEA

and FBI agents generally are not discoverable under the Jencks Act.  *See United States v.

Donato*, 99 F.3d 426, 433 (D.C. Cir. 1996) ("[T]he agent's notes and . . . report[s] . . . are not

covered by the Jencks Act"); *United States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008); *United

States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003) (holding that FBI reports "are not Jencks

Act statements of the witness unless they are substantially verbatim and were contemporaneously

recorded, or were signed or otherwise ratified by the witness"); *United States v. Roseboro*, 87

F.3d 642, 646 (4th Cir. 1996); *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992);

*United States v. Foley*, 871 F.2d 235, 239 (1st Cir. 1989); *United States v. Claiborne*, 765 F.2d

784, 801 (9th Cir. 1985); *United States v. Merida*, 765 F.2d 1205, 1214-16 (5th Cir.1985).

Given the ample amount of case-law designating investigative reports that summarize witness interviews as non-Jencks material of the interviewed witness, the Defense should be limited to using reports (or the agent's notes of an interview with a witness) in a manner consistent with the law and rules of evidence.  In particular, the Defense should be precluded from introducing the contents of reports or notes to impeach witnesses (other than the agent who prepared the report) on the basis of inconsistent statements because these reports or notes are not the statements of the interviewed witnesses themselves.  Moreover, the Defense should be precluded from publishing the contents of these reports to the jury, or otherwise suggesting to the jury that the report is a statement of a witness who did not write them or adopt them. To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's holding in *Palermo* that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."  360 U.S. at 350.

The Defense is, of course, free to ask a witness whether he or she made a statement that is reflected in the reports or agents' notes.  However, if the Defense is not satisfied with the witness' answer, the Defense may not publish or introduce the contents of the agent's report or notes as a prior inconsistent statement.  *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975).  *See also United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987).  *Accord United States v. Rizza*, 2014 WL 3747624, at *2 (M.D. Fla. 2014); *United States v. Kot*, 2012 WL 1657118, at *2 (D. Nev. 2012).

Thus, the Government seeks a pre-trial ruling precluding the Defense from introducing

the contents of the agent's reports or notes to impeach witnesses (other than the agent who

prepared the report) on the basis of inconsistent statements, publishing the contents of the report

or notes to the jury, or suggesting to the jury in any way that the reports or notes are a statement

of the interviewed witness.

### d.  To preclude Defense counsel from offering the exculpatory out-of-court statements of the Defendants or their other co-conspirators

The Defendants should not be permitted to introduce their own out-of-court statements or the

out-of-court statements of co-conspirators, whether elicited through a third party witness or

repeated by the Defendants themselves (should either of them testify).  It is well-established that

such statements are hearsay pursuant to Rule 801, and are not "admissions by a party opponent"

pursuant to Rule 801(d)(2) when offered by a party himself, rather than the party's "opponent."

*See, e.g., United States v. Smith*, 490 F.2d 789, 791-92 (D.C. Cir. 1974); *United States v.*

*Henderson*, 626 F.3d 326, 344 (6th Cir. 2010) ("[Defendant] could not take advantage of this

hearsay exclusion to introduce his own out-of-court statements"); *United States v. McDaniel*, 398

F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2) . . . does not extend to a party's attempt to

introduce his or her *own* statements through the testimony of other witnesses"); *United States v.*

*Jackson*, 180 F.3d 55, 73 (2d Cir. 1999); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir.

1996); *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993).

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the Government respectfully requests that the

Court preclude: (1) evidence, comments, argument, or questioning regarding the impact of

incarceration, conviction, trial, or punishment on either Defendant's family; (2) the Defense from

conducting Jencks Act inquiries in the presence of the jury; (3) the Defense from introducing the

contents of the agents' reports or notes to impeach witnesses (other than the agent who prepared

the report) on the basis of inconsistent statements, publishing the contents of the reports or notes to the jury, or suggesting to the jury in any way that the reports or notes are a statement of the interviewed witness; and (4) the Defendants from offering any exculpatory out-of-court statements of themselves, each other, or their co-conspirators.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Government's Omnibus Motion *in Limine* be granted.


Respectfully submitted this 30th day of June 2015.

>ARTHUR G. WYATT
>Chief
>Narcotic and Dangerous Drug Section
>Criminal Division
>United States Department of Justice

By: _____/s/_____
>Brian Sardelli
>Trial Attorney
>Narcotic and Dangerous Drug Section
>United States Department of Justice
>Washington, DC 20530
>(202) 598-2950
>brian.sardelli2@usdoj.gov

By: _____/s/_____
>Paul Joseph (DC Bar # 448495)
>Trial Attorney
>Narcotic and Dangerous Drug Section
>Criminal Division
>U.S. Department of Justice
>Washington, DC 20530
>202-514-9644
>Paul.Joseph2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of June 2015, I filed this document via ECF with the Clerk of the Court and therefore caused a copy to be served on the defense counsel of record in this case.

By:    _____/s/_____
Brian Sardelli
Trial Attorney
Narcotic and Dangerous Drug Section
United States Department of Justice
Washington, DC 20530
(202) 598-2950
brian.sardelli2@usdoj.gov

By:    _____/s/_____
Paul Joseph (DC Bar # 448495)
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, DC 20530
202-514-9644
Paul.Joseph2@usdoj.gov