# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|
|
**UNITED STATES OF AMERICA**      |
|     **Crim. Case No.  12-cr-266 (2)  (RWR)**
**v.**      |
|
**DWIGHT WARREN KNOWLES,**      |
**Defendant.**      |
|
|

## MOTION TO SUPPRESS AUDIO RECORDING EVIDENCE

**COMES NOW DEFENDANT,** Dwight Knowles, through undersigned counsel, and respectfully submits this motion to suppress audio recording evidence.  Fed. R. Evid. 12 (b)(3)(C).

### Concise Argument

The government is expected to introduce at trial intercepted telephone calls.  These calls were retrieved from law enforcement and government officials in the Republic of Colombia, and the Commonwealth of the Bahamas.  The recorded calls were allegedly given to the government as part of the investigation into the above captioned case.

The recorded calls are alleged to contain audio recordings of telephone conversations between individuals in Colombia and the Bahamas; specifically, audio recordings that allegedly capture Mr. Knowles, codefendants, and others, in conversation.  For the reasons set forth below, and for argument and facts that may become apparent at a hearing on this motion, Mr. Knowles respectfully requests that these audio recordings be suppressed as evidence.

**Argument & Authority**

Introduction and use of audio recordings at a trial requires authenticity of the recording. Authentication of audio recordings requires the government to prove that, "as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated." *United States v. Celis,* 608 F.3d 818, 842 (D.C. Cir. 2010), *citing, United States v. White,* 116 F.3d 903, 920–21 (internal quotation marks omitted). *See also* Fed. R. Evid. 901 (a) ("The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."). Authentication of the calls will further require Colombian, Bahamian and United States Drug Enforcement Administration (DEA) law enforcement personnel to link the recordings to the charged conspiracy. Mr. Knowles respectfully submits that the government will be unable to authenticate the recorded calls, and unable to connect the recordings to the charged conspiracy. Accordingly, these audio recordings must be suppressed as evidence.

The audio recordings also fail an evidentiary hurdle. It is undisputed that the recordings were obtained without probable cause affidavits that would contain the specificity a U.S. court is accustomed to, and are devoid of any strict judicial oversight that is a prerequisite to a federal Title III intercept order. *See Omnibus Control & Safe Streets Act of 1968*, 18 U.S.C. §2510-2520. Mr. Knowles assumes that it is for this reason that the government intends to introduce expert testimony to explain and bolster the unknown and unreliable nature of foreign wiretaps. *See* ECF 56, Government Notice of Expert Testimony.[1] Therefore, any effort by the government to support admission of the audio recordings is bound to rely upon the credibility of foreign law

---

[1] In fact, the government intends to have three separate experts attempt to explain to the Court, and possibly a jury should the Court allow their testimony, the "procedures" and "system" of foreign wiretaps. These three announced government experts include a member of the Colombian National Police, a "Colombian Government official," and a member of the Royal Bahamas Police Force. [ECF 56]

enforcement personnel and/or DEA agents describing foreign methods of government oversight. *See* 18 U.S.C. § 2510, *et seq*, Rules 401-403, 404 (b), 801 (d)(2)(E); & 901, Fed. R. Evid.

Beyond authentication, the substance of the audio recordings amount to out-of-court statements offered for the truth of the matter asserted. They are inadmissible without being connected up to the alleged conspiracy and found by the court, by independent evidence, to have been made in furtherance of and during the alleged conspiracy. *See United States v. Slade*, 627 F.2d 293, 306-307 (D.C. Cir. 1980) ("question of the admissibility of co-conspirator statements under Rule 801 (d)(2)(E), Fed. R. Evid., [is] one of competence under Rule 104 (a)"); *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980) ("better practice" is to secure proof of the conspiracy adequate to sustain admission of the hearsay before the hearsay itself is received). For these additional reasons, Mr. Knowles respectfully submits the audio recordings must be suppressed as evidence.

Mr. Knowles further submits that the purpose behind the production of the audio recordings was to obtain information to support a United States federal narcotics prosecution. Accordingly, the audio recordings in the instant case can best be described as the product of a "joint venture" between the DEA and foreign law enforcement. While the Fourth Amendment does not apply to non-resident aliens in foreign territory, in Mr. Knowles's case there is a basis for the Court to consider and suppress the audio recordings. *United States v. Verdugo-Urquidez,* 494 U.S. 259 (1990). Mr. Knowles respectfully submits that there are facts supporting the manner in which the evidence was gathered that would allow this Court to invoke supervisory powers and suppress the recordings. *United States v. Delaema,* 583 F.Supp.2d 104 (D.D.C. 2008)*.*

In recent months, the United States government revealed, and admitted gathering, a vast amount of data including telephone usage and electronic messaging.  The data has been described as knowing no bounds with regard to person, entity, governmental agency, and/or national boundary.  Furthermore, this information has been delivered to law enforcement at the local, national, and international level, as well as to foreign governments.

This Court may already be aware that collaboration between DEA and Colombian law enforcement/prosecutors is a matter of routine procedure.  "Vetted units" of Colombian law enforcement routinely work with U.S. law enforcement, including the DEA.  These Colombian units receive information from U.S. law enforcement and also receive compensation in varying form.  Here the vast collection of data by the United States was provided to foreign law enforcement personnel who worked hand-in-hand with the DEA to investigate Mr. Knowles.

**WHEREFORE,** Mr. Knowles respectfully asks that the Court grant this motion to suppress audio recording evidence.

### Specific Request for Statements

Mr. Knowles makes a specific request for immediate production of statements in the government's possession in preparation for a hearing on this matter.  Rule 26.2, and Rule 12 (h), Fed. R. Evid.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By: _____

Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Avenue, NW
Suite 900
Washington, D.C.  20001
O - 202.450.6119  /  F – 202.783.9119
MJR@RETURETAWASSEM.COM
*Counsel for Dwight Knowles*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was filed via the

Court's ECF system on this 6th day of July 2015.

_____

Manuel J. Retureta, Esq.