UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | Crim. Case No.  12-cr-266 (2)  (RWR) |
| **v.** | |
| **DWIGHT WARREN KNOWLES,**<br>          Defendant. | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT
MOTION FOR IDENTIFICATION OF WITNESSES WITH PSEUDONYMS**

COMES NOW DEFENDANT, Dwight Knowles, by and through undersigned defense counsel, and respectfully submits this Opposition to the government motion for government witnesses to testify using false names, thereby hiding their true identity.  [ECF 79]

**Points & Authority In Opposition**

There is no more basic right than to confront one's accusers.  With that in mind, the Framers of the Constitution drafted the Confrontation Clause of the Sixth Amendment.  Mr. Knowles will be denied his right to confrontation should the Court grant the government's motion to permit its witnesses to testify using pseudonyms, thus preventing him from effectively and properly cross-examining some of the most damaging witnesses against him.

The confrontation clause of the Sixth Amendment provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." U.S. Constitution, Amend. VI.  The "principal evil" at which the Sixth Amendment's Confrontation Clause was directed was the "use of *ex parte* examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 50 (2004).  Its ultimate goal is to ensure

reliability of evidence, which it commands be assessed by subjecting it to "the crucible of cross-examination." *Id.* at 61.  The constitutional guarantee it provides is "procedural rather than substantive." *Id.*

Additionally, "[t]he exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986).  Admittedly, the Court retains "wide latitude" to "impose reasonable limits on cross-examination" based on concerns about other issues, including witness safety.  *United States v. Watson*, 409 F.3d 458, 463 (D.C. Cir. 2005).  However, a trial court "must be cautious,…particularly where a party is seeking to impeach a witness whose credibility could have an important influence on the outcome of the trial." *United States v. Whitmore*, 359 F.3d 609, 615-16 (D.C. Cir. 2004).

The government here asks the Court to "permit certain government witnesses, who are Colombian citizens residing in Colombia, to testify using pseudonyms instead of their given names, due to the risk that they or their families will be harmed upon their return to Colombia." [ECF 79]  The reason cited by the government is a bare-bone unsubstantiated allegation that the defendants "are alleged to be a part of an organization with far reaching influence throughout Colombia and the Caribbean…" [ECF 79, p.3]  No further proffer is offered by the government.

WHEREFORE, in light of the constitutional guarantee Mr. Knowles has in confronting his accusers, and the utter absence of any proffer linking him with any danger to the unknown witnesses referenced by the government, the government motion should be denied.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By: _____
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Avenue, NW
Suite 900
Washington, D.C. 20001
O - 202.450.6119 / F – 202.783.9119
MJR@RETURETAWASSEM.COM
*Counsel for Dwight Knowles*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true copy of the foregoing pleading was filed via the Court's ECF system on this 20th day of July 2015.

_____
Manuel J. Retureta, Esq.

3