UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No. 12-cr-266 (2) (RWR) |
| DWIGHT WARREN KNOWLES, Defendant. | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT NOTIFICATION OF EXPERT WITNESSES

COMES NOW DEFENDANT, Dwight Knowles, by and through undersigned defense counsel, and respectfully submits this Opposition and objections to the experts identified by the government.

**Government Proposed Experts & Defense Objections**

"In evaluating the admissibility of expert testimony, trial courts are guided by a trilogy of Supreme Court cases: *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999); and, *General Electric Co. v. Joiner*, 522 U.S. 136 (1997). A trial court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589. It is a proponent's burden to establish the relevance and reliability of their expert's testimony under Federal Rule of Evidence 702 based on a preponderance of evidence standard. *Daubert,* 509 U.S. 579, 593 n.10 (1993).

In *Kumho Tire*, the Supreme Court "conclude[d] that *Daubert's* general holding - setting forth the trial judge's general 'gatekeeping' obligation - applies not only to testimony based on

'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire*, 526 U.S. at 141.

In Mr. Knowles' case, the government expert notices [ECF 56 and 86] identify experts that will not assist the trier of fact to understand the evidence or to determine a fact in issue. *See* Fed. R. Evid. 702. Rather, the experts identified will serve merely to bolster the government's anticipated evidence.[1] A jury may not have its role as fact-finder supplanted by an improperly admitted expert. *United States v. Hampton,* 718 F.3d. 978, 981-82 (D.C.Cir. 2013).

The government also identifies U.S. and foreign law enforcement officials as expert witnesses. Mr. Knowles objects to these witnesses since it is anticipated that they will be providing "summary" testimony to Mr. Knowles' jury. The D.C. Circuit has articulated a number of issues with calling law enforcement officers as "summary witnesses," including that (1) "the jury might treat the summary evidence as additional or corroborative evidence that unfairly strengthens the government's case," and (2) it "might permit the government to have an extra closing argument." *United States v. Moore*, 651 F.3d 30, 56 (D.C. Cir. 2011). Such witnesses carry the danger of "the subtle introduction of otherwise inadmissible evidence," and that the "task of organizing testimony can quickly turn into the marshalling of facts to support a particular position." *Id.* at 1349-50. *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983).

For these reasons, and those to be articulated at a hearing, the defense objects to the government proposed experts listed below:

1. DEA Agent – Testify international cocaine trafficking - The United States intends to call a Drug Enforcement Administration special agent witness to testify as an expert in the

---

[1] Due to the lack of information provided by the government about the proposed experts, the defense is unable, at this time, to fully articulate all its objections to the testimony of these experts. However, once the government has produced their expert reports, the defense will be in a position to raise additional, specific objections to the testimony of these proposed experts.

2

   area of international cocaine trafficking.  [ECF 56]

2. Colombian National Police – Colombia Wiretap Procedure - The United States also intends to call two Colombian National Police wiretap investigators (one each from Bogota and Cartagena, Colombia) to testify in particular as experts regarding the procedures in Bogota and Cartagena. [ECF 56]

3. Chemist – Test of Seized Cocaine - The United States intends to call a Forensic Chemist or other scientific expert to testify regarding the testing of seized cocaine. [ECF 56]

4. Colombian Wiretap Official - The United States intends to call a Colombian Government official witness to testify about the wiretap interception system used in Colombia to intercept and record telephone calls and text messages over telephones used by the defendants and others. [ECF 56]

5. Language Experts - The United States intends to call two language translation experts; one each in the fields of Spanish/English and Jamaican Patois/English translation, respectively. [ECF 56]

6. Bahamian Police – Wiretap Procedure - The United States will call two Bahamian police witnesses with the Royal Bahamas Police Force to testify as experts regarding the procedures for conducting lawful wiretaps in the Bahamas. [ECF 56]

7. FAA – Aircraft Registration - The United States intends to call an official with the United States Federal Aviation Administration (hereinafter, "United States FAA") to testify as a qualified expert regarding the requirements and procedures for registering various aircraft with the United States F.A.A. [ECF 56 & 86]

8. Western Union Money Transfer - The United States intends to call an expert witness regarding the transfer of money via Western Union wire transfer. [ECF 56]

WHEREFORE, Mr. Knowles objects to the proposed government experts.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By: _____
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Avenue, NW
Suite 900
Washington, D.C. 20001
O - 202.450.6119 / F – 202.783.9119
MJR@RETURETAWASSEM.COM
*Counsel for Dwight Knowles*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was filed via the Court's ECF system on this 31th day of July 2015.

_____
Manuel J. Retureta, Esq.

4