**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DWIGHT WARREN KNOWLES (2),**<br>a.k.a. "Arizona" and<br><br>**ORAL GEORGE THOMPSON (3),**<br>a.k.a. "Chad,"<br><br>**Defendants.** | **CRIM. NO. 1:12-cr-266-02, -03 (RWR)** |

**GOVERNMENT UPDATED NOTICE OF INTENTION**
**TO INTRODUCE THE EXPERT TESTIMONY OF DEA SPECIAL AGENT**

PLEASE TAKE NOTICE that the United States intends to introduce the following expert testimony at trial:

1. Please be advised that the Government intends to call Special Agent Steven Knight of the United States Drug Enforcement Administration (hereinafter, "DEA"), or some other Agent of the DEA with similar qualifications, as an expert in international cocaine trafficking at the trial of this case. The Government has already previously filed expert notice (ECF#56) on this issue.

2. Special Agent Knight may testify -- by providing information, explaining, or by rendering an opinion -- concerning the following:

(a) the general, not specific to this case, logistics of transporting large quantities of cocaine from Colombia and Venezuela to Central America, the Caribbean, and North America via airplane, including the routes and methods of transportation, the hurdles faced by drug traffickers at air traffic control centers, potential aircraft modifications, and other pilot

issues, and the expenses associated with type of drug trafficking;

(b)   the identification, acquisition, and use of various aircraft to transport large quantities of cocaine, including the differences in the transportation of other substances or items, and the roles of the different participants in cocaine transportation schemes;

(c)   the fees and profits paid/received by the various pilots, aircraft owners, aircraft and cocaine brokers and cocaine sources of supply, investors, those that introduce two essential participants, those that financially support one of the participants, and the methods of transferring funds for this purpose;

(d)   the advantages and disadvantages of renting versus buying aircraft, including the costs of renting or buying aircraft, and the benefits of renting planes from the Bahamas in relation to cocaine trafficking;

(e)   the general practices of drug trafficking organizations (hereinafter, "DTO's") in negotiating with transportation brokers to ensure that all parties are paid;

(f)   the fact that mobile phones, email accounts, Blackberry messages, aircraft of varying type and registry, multiple pilots, false identities, and peso exchange schemes are commonly used in the sale, transportation, processing, and trafficking of cocaine in South and Central America, the Caribbean, and elsewhere; and

(g)   that drug traffickers often communicate in person and on the telephone using coded and cryptic language, and that drug traffickers routinely refer to drugs, drug quantities, cash, drug-smuggling aircraft and boats, pilots, gasoline, transportation routes and transshipment locations, by using coded language or seemingly innocuous words or phrases in an effort to conceal the true nature of their illegal activities and thwart detection by law enforcement.

(h)   any additional relevant aspects of the use of aircraft, specifically United States

registered aircraft, for the purpose of drug trafficking, specifically cocaine, from places such as Colombia and Venezuela, to transshipment countries in Central American and the Caribbean, and onto consumer markets, to include the United States.

3.  Special Agent Knight will base his opinions on the foregoing based on his substantial years of training and experience in the area of international drug enforcement.  A copy of Special Agent Knight's biography and a summary of his expected testimony has been previously disclosed to Defense.

4.  The Government hereby requests, pursuant to Fed. Crim. R. (16)(b)(1)(C), disclosure of a written summary of expert testimony which any defendant intends to use as evidence at trial or at any motions hearing.  This summary must describe the opinions of the witness, the bases and reasons therefore, and the witness' qualifications.

Respectfully submitted this 7th day of August 2015.

ARTHUR WYATT, Chief
Narcotic and Dangerous Drug Section

By: _____/s/_____
Brian Sardelli
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice / Criminal Division
145 N Street, Northeast
Second Floor, East Wing
Washington, DC 20530
(202) 598-2950
brian.sardelli2@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the defendants, this 7th day of August, 2015.

                        ARTHUR WYATT, Chief
                         Narcotic and Dangerous Drug Section

        By:        /s/
                    Brian Sardelli
                    Trial Attorney
                    Narcotic and Dangerous Drug Section
                    U.S. Department of Justice / Criminal Division
                    145 N Street, Northeast
                    Second Floor, East Wing
                    Washington, DC 20530
                    (202) 598-2950
                    brian.sardelli2@usdoj.gov