**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **DWIGHT WARREN KNOWLES (2),**<br>    a.k.a. "Arizona" and | **CRIM. NO. 1:12-cr-266-02, -03**<br>**(RWR)** |
| **ORAL GEORGE THOMPSON (3),**<br>    a.k.a. "Chad,"** | |
| **Defendants.** | |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT OR ALLOW**
**CO-CONSPIRATOR STATEMENTS AT TRIAL**

The United States of America, by and through counsel, respectfully submits the following

motion *in limine*, requesting that the Court issue a pre-trial order admitting or allowing the

Government to introduce co-conspirator statements at trial pursuant to Federal Rule of Evidence

801(d)(2)(E).

## I.   FACTUAL BACKGROUND

From on or around May 2011, and continuing thereafter and including December 12, 2012,

in the Bahamas, Colombia, Haiti, Venezuela, the Dominican Republic, and elsewhere,

Defendants Thompson, Knowles, and their co-defendants conspired to distribute, and possess

with intent to distribute, five kilograms or more of cocaine on board an aircraft owned by a

United States citizen and registered in the United States, and aiding and abetting, in violation of

21 U.S.C. §§ 959(b), 960 and 963, and 18 U.S.C. § 2.

1

As part of the charged conspiracy, between on or about May 2011 and December 12, 2012, the Defendants and their co-conspirators negotiated with numerous pilots, cocaine traffickers, aircraft brokers, and cocaine sources of supply to utilize various United States (US)-registered aircraft to transport large quantities of cocaine.  Those negotiations involved discussions of various cocaine trafficking deals including aircraft availability, cocaine transportation routes, profits and fees for these illegal schemes, and bribery payments along with the timing of and quantities of cocaine to be transported during various flights.  The Government intends to introduce, at trial, evidence of this conspiracy in the form of witness testimony, wiretap calls, email messages, and text messages.

As noted in prior Government filings (ECF #55 and #71), the Government also plans to introduce evidence of other crimes and other acts of the defendants, including the use of boats and non-US registered aircrafts to transport large quantities of cocaine, pursuant to Federal Rule of Evidence 404(b).  That 404(b) evidence will include witness testimony, wiretap calls, text messages, and email messages obtained through the issuance of federal search warrants.  The Government seeks to admit this evidence pursuant to Federal Rule of Evidence 801(d)(2)(E).

## II.  LAW AND ARGUMENT

### A.  Legal Standard

Under Federal Rule of Evidence 801(d)(2)(E), statements made by a co-conspirator, during and in furtherance of a conspiracy and offered against a party are not hearsay and are attributed to the defendant as an opposing party's statement.  Before admitting a co-conspirators statement, a district court must find by the preponderance of the evidence that (1) a conspiracy existed, (2) the Defendant and the declarant belonged to the conspiracy, and (3) the statement in question was made during the course and in furtherance of the conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). *See also United States v. Gewin*, 471 F.3d 197, 201 (D.C. Cir. 2006);

*United States v. Washington*, 952 F.2d 1402, 1407 (D.C. Cir. 1991), *cert. denied*, 503 U.S. 1009 (1992); *United States. v. Perholtz*, 842 F.2d 343, 356 (D.C. Cir. 1988).  Additionally, the D.C. Circuit requires that "there be independent evidence of the conspiracy apart from the statement, although the content of the statement itself can also be considered in determining whether such independent evidence exists."  *See United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996); *United States v. Bechkham*, 968 F.2d 47, 50-51 (D.C. Cir. 1992); *Washington*, 952 F.2d at 1407.

Courts often allow the government considerable leeway in presenting evidence of other offenses "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *See United States v. Williams,* 205 F.3d 23, 33–34 (2d Cir.2000).  As such, numerous circuits have held that a co-conspirator's statements need not be in furtherance of the charged conspiracy.  *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1987) (holding that if a conspiracy is charged in the indictment, a co-conspirators statements need not be regarding the same conspiracy as the one charged); *United States v. Orena*, 32 F.3d 704, 713 (2d Cir. 1994) (concluding that the conspiracy referenced between the declarant and defendant does not need to be identical to any conspiracy that is specifically charged in the indictment to be admissible under Rule 801(d)(2)(E)); *United States v. Bowe*, 221 F.3d 1183, 1193-94 (11th Cir. 2000) (holding that a larger conspiracy than the one charged at trial may provide basis for admissible of co-conspirators statements); *United States v. Powers*, 75 F.3d 335, 340-41 (7th Cir. 1996) (admission of testimony of witnesses about their separate conspiracy was upheld).  Furthermore, a conspiracy need not be charged to take advantage of Rule 801(d)(2)(E).  *See Washington,* 952 F.2d at 1407; *Perholtz*, 842 F.2d at 356 (D.C. Cir. 1988).

It is widely accepted in the D.C. Circuit that district courts can admit co-conspirator statements conditionally, subject to connection, at the close of the Government's case. *See United States v. Jackson*, 627 F.2d 1198, 1218-19 (D.C. Cir. 1980); *Gewin*, 471 F.3d at 201; United *States v. Brodie*, 326 F. Supp. 2d 83, 89 (D.D.C. 2004).  Federal Rule of Evidence 104(b) provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."  It is common practice for courts to admit such evidence "[a]s a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility." *United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980), *abrogated on other grounds* by *In Re Sealed Case*, 99 F.3d 1175 (D.C. Cir. 1996).

**B.  The Co-Conspirator Statements Should Be Admitted at Trial**

The statements the Government intends to introduce were made in furtherance of the charged conspiracy or a conspiracy covering the Government's other crimes evidence with a specific criminal goal – acquire and transport large amounts of cocaine.  These statements are primarily in the form of witness testimony, telephone recordings, transcripts, email messages, text messages, and other evidence which detail Defendants' plans to utilize various aircrafts, boats, shipping containers, and other methods to transport large quantities of cocaine.  The co-conspirator statements should be admitted in this case pursuant to Rule 801(d)(2)(E) because the Government will satisfy the three prongs laid out in *Bourjaily* for both the conspiracy charged in the indictment and the other crimes or acts pursuant to Federal Rule of Evidence 404(b).

1.  Co-Conspirator statements pertaining to the charged conspiracy

First, the Government proffers that a multi-year, multi-member, complex international narcotics trafficking conspiracy existed in which the Defendants' and other drug traffickers were

working together to traffic narcotics. The Government intends to introduce statements at trial of the Defendants' conspiratorial conduct within the dates of the charged conspiracy, i.e., on or about May 2011 through December 12, 2012, including testimony, telephone calls, text messages, and email messages to and from co-conspirators. Second, all of the evidence at trial will clearly show beyond a preponderance that the Defendants and the declarants were part of the same conspiracy. The testifying co-conspirator witness will be able to testify about their personal dealings with the co-conspirator declarants throughout the course of the charged conspiracy, which will detail the declarants' roles in the conspiracy and further establish the declarants' membership in the conspiracy.

To satisfy the third prong of *Bourjaily*, the Government asserts that these statements were made in furtherance of the conspiracy. The D.C. Circuit, along with other Circuits, have acknowledged that the "in furtherance" requirement of Rule 801(d)(2)(E) should be broadly construed. *See United States v. Tarantino*, 846 F.2d 1384, 1412-13 (D.C. Cir. 1988); *United States v. Robinson*, 367 F.3d 278, 292 (5th Cir. 2004). For example, any statement that "can reasonably be interpreted as encouraging a co-conspirator or other person to advance the conspiracy, or as enhancing a co-conspirator or person's usefulness to the conspiracy" satisfies this criterion. *Tarantino*, 846 F.2d at 1412; *see also United States v. Maldonado-Rivera*, 922 F.2d 934, 959 (2d Cir. 1990) (conversations that satisfy the in furtherance requirement include statements "that provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy."). Similarly, statements necessary to facilitate coordination among co-conspirators in covering up the conspiracy are considered in furtherance of the conspiracy and therefore, are

admissible under Rule 801(d)(2)(E). *United States v. Haldeman*, 559 F.2d 31, 110-11 (D.C. Cir. 1976).

    2.  Co-Conspirator statements pertaining to other crime acts

The Government will also show that Defendants' conspired to commit crimes and other acts to which the Government seeks to admit co-conspirator statements discussing the Defendants' conduct in using non-US registered aircrafts, boats, and other methods outside of the dates of the charged conspiracy, i.e., prior to on or about May 2011 and after December 12, 2012.  As such, the Government proffers evidence of conduct that occurred outside the dates listed in the Indictment but are part of, in furtherance of, and inextricably linked with the conduct within those dates as well as conduct of the Defendants pertaining to the use and attempted use of various aircraft, including non-US registered aircraft and boats, during and in furtherance of the charged conspiracy.

For example, the Government will introduce evidence in the form of witness testimony, audio recordings of wiretap calls, and text messages establishing that between January 2011 and June 2011 Defendants and two co-conspirators participated in the acquisition and use of a King Air aircraft (formerly bearing registration tail number N63BV) to transport approximately 1,000 kilograms of cocaine from Venezuela to Honduras.  Additionally, the Government will use witness testimony, audio recordings of wiretap calls, email messages, and text messages relating to the attempted use of a Bahamas-registered Beechcraft 1900 aircraft bearing registration tail number C62BF that was offered to the Defendants' for use in furtherance of their drug-trafficking conspiracy in May 2012.  This evidence is discussed at greater length in the Government's Position on 404(b) and Motion to Introduce 404(b) Evidence at Trial (ECF #55)

and Government's Response and Updated Supplemental Motion Regarding 404(b) Evidence (ECF #71).

The Government proffers that these statements will meet the three prongs of *Bourjaily*. First, the testifying witnesses will be able to testify about their personal dealings with the Defendants' involving other similar acts to traffic cocaine.  Second, the testimony will include a detailing of the declarants' roles in the conspiracy thus establishing the declarants' membership into the conspiracy.  Further, the evidence of co-conspirator's statements, that the Government is seeking to admit, were in furtherance of a conspiracy and thus satisfies the low threshold of the third prong of *Bourjaily*.  Therefore, the Court should admit the statements provisionally, consistent with common practice in this jurisdiction.

### III.    CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's motion *in limine* to admit or allow co-conspirators statements at trial.

Respectfully submitted this 29th day of October 2015.

> Arthur Wyatt, Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
> Washington, DC 20530

By:    _____/s/_____
> Paul Joseph
> Trial Attorney
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
> Washington, DC 20530
> 202-514-9644
> Paul.Joseph2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of October 2015, I filed this document via ECF and therefore caused a copy to be served on the defense counsel of record in this case.

By:       <u>     */s/*                </u>
Paul Joseph
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, DC 20530
202-514-9644
Paul.Joseph2@usdoj.gov