**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **DWIGHT WARREN KNOWLES (2),**<br>a.k.a. "Arizona" and | **CRIM. NO. 1:12-cr-266-02, -03**<br>**(RWR)** |
| **ORAL GEORGE THOMPSON (3),**<br>a.k.a. "Chad,"  | |
| **Defendants.** | |

**GOVERNMENTS' OMNIBUS MOTION *IN LIMINE* TO EXCLUDE**

The United States of America, by and through its attorneys with the United States

Department of Justice, Narcotic and Dangerous Drug Section, hereby files the Government's

Omnibus Motion *in Limine* in advance of the commencement of trial on December 1, 2015, in

the above-captioned matter. The Government respectfully requests this Court:

(1) To preclude question, comment, or argument related to public corruption in Colombia

or the Bahamas.

(2) To preclude question, comment, or argument related to documents, purportedly from

Fiscalía General de la Nación, the Defendants submitted at or after the Suppression Hearing on

October 7, 2015.

(3) To preclude question, comment, or argument related to any document that the

1

Defendants did not provide in response to the Government's repeated requests for reciprocal

discovery.

## BACKGROUND

Defendants THOMPSON, also known as "Chad," and KNOWLES, also known as

"Arizona," and three other co-defendants, were indicted in criminal case number 12-cr-266

(RWR) on December 12, 2012, by a federal grand jury in the District of Columbia.    The

indictment provided that, from in or around May 2011, and continuing thereafter and including

2012, the Defendants and others conspired to distribute, and possess with the intent to distribute,

five kilograms or more of cocaine on board an aircraft owned by a United States citizen or

registered in the United States, and aiding and abetting, in violation of 21 U.S.C. §§ 959(b), 960

and 963, and 18 U.S.C. § 2.

## STANDARD OF REVIEW

As the Supreme Court has noted, "[t]he accused does not have an unfettered right to offer

testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of

evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).    A defendant's proposed evidence

should be excluded when it "would confuse the jury and misdirect the jury's focus from the

issues properly before it." *United States v. Wellons*, 32 F.3d 117, 120 n.3 (4th Cir. 1994).

Accordingly, the government makes this motion *in limine* in order to narrow the issues for trial,

to exclude irrelevant, extraneous, or unduly prejudicial arguments or evidence, and to expedite

this Court's determination of legal disputes likely to arise during trial.    In turn, the Court is

granted wide discretion in ruling on the government's motion to preclude or admit evidence,

comment, arguments or questioning. *See, e.g.*, *Herring v. New York*, 422 U.S. 853, 862 (1975)

("The presiding judge must be and is given great latitude in . . . ensur[ing] that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial . . . he must have broad discretion."); *see also United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court and is subject to reversal only if the court abuses that discretion."); *United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) ("[T]he decision to exclude evidence because of possible prejudicial effect rests in the sound discretion of the trial court."); *United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984) ("Since it [is] the court's responsibility to present [the law] to the jury in a clear manner, the court [will] not abuse its discretion by requiring the defense counsel to argue consistently with the correct law.").

## LEGAL ANALYSIS

**I.      The Court Should Preclude Question, Comment Or Argument On Matters Of Public Corruption In Colombia Or The Bahamas As Not Relevant And More Prejudicial Than Probative.**

As evidenced by the broad nature of the Defendants' Motion to Suppress (ECF # 84) and representations made by the Defendants during the suppression hearing on October 7, 2015, the Government moves pursuant to Federal Rules of Evidence Rule 402, and Rule 403 to exclude any reference to public corruption in Colombia and/or the Bahamas on the basis that (1) it is irrelevant to the case at issue; (2) to the extent that it is relevant, the probative value is substantially outweighed by unfair prejudice, and (3) the likelihood that presentation of this separate issue will lead to jury confusion on the relevant issues.

A motion *in limine* allows the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) *see also United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Federal Rule of Evidence Rule 401 defines relevant evidence as "evidence having

any tendency to make the existence of any fact that is of consequence to the determination of the

action more or less probable than it would be without the evidence." Federal Rules of Evidence

Rule 402 prohibits the admission of irrelevant evidence, whereas Federal Rule of Evidence Rule

403 precludes the admission of relevant evidence if its probative value is outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury. The Third Circuit in

*United States v. Romano* articulated the trial court's application of Rules 402 and 403:

> Clearly, a court need not allow a defendant to present evidence on, or to discuss, anything she wishes the jury to hear. Indeed, a court would be remiss if it failed to screen what the jury is exposed to because of the potential for jury confusion or prejudice. A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.

849 F.2d at 815.

At the suppression hearing on October 7, 2015, the Government disclosed to the Court a

public corruption issue that involved members of a Colombian National Police (hereinafter

"CNP") wiretap facility in Bogota, Colombia.[1]  The Government does not believe that any public

corruption involving employees of this wiretap facility participated, or impacted in any way, the

investigation of the Defendants. The Government disclosed this matter to Defendants on August

7, 2015. Defendants did not raise this issue at the suppression hearing, but the Government

disclosed it out of an abundance of caution. As the Government previously advised the

Defendants, the Government will not call CNP witnesses at trial with any involvement in this

public corruption issue. The Government respectfully requests the Court to preclude the

admission of any evidence of, or references to this matter as irrelevant under Rule 402. The

---

[1]  At the suppression hearing on October 7, 2015, the Court inquired into whether the Government had informed high level officials at the Department of Justice (beyond the trial team supervisor) and alluded to a case that involved a corrupt FBI agent, which tainted multiple cases. The Government responded that it did not believe that the disclosed issue tainted the case. On October 9, 2015, the Government trial attorneys met with the Chief of the Narcotic and Dangerous Drug Section and informed him of the matters discussed at the October 7, 2015 hearing.

Government also submits that cross examining Government witnesses on this matter will create a specter of corruption over these witnesses and lead to undue prejudice and jury confusion. The Government also respectfully requests its exclusion under Rule 403. *See United States v. Dakins* 872 F.2d 1061 (D.C.Cir.1989); *see also United States v. Carozza*, 608 Fed. Appx. 532, 534 (9th Cir. 2015).

In *United States v. Dakins* 872 F.2d 1061 (D.C.Cir.1989), the D.C. Circuit upheld the district court's exclusion of evidence of an altercation between Dakins and another officer, allegedly observed with indifference by the undercover officer, because it "could have served to prejudice the jury against the police in general [and] diverted their attention from the issues relating to appellant's own guilt or innocence." 872 F.2d at 1063. Similar to *Dakins*, allowing Defendants to cross examine witnesses on an unrelated corruption issue has no, or little, probative weight and is substantially outweighed by the danger of undue prejudice against Colombian and Bahamian law enforcement. The Government also submits that Government's prior disclosure of public corruption should not provide Defendants with latitude to make sweeping conclusory statements or seek to elicit testimony painting the entire CNP as corrupt. Corruption in Colombia, and to a far lesser extent the Bahamas is well-known; however, it has little probative value in this case and will only serve to confuse and prejudice the jury against the CNP in general. The Defendants' July 6, 2015, Motion to Suppress (ECF #84) and argument at the suppression hearing on October 7, 2015 indicates a potential fishing expedition on corruption in Colombia, and/or the Bahamas and will form the basis of argument at trial and cross examination. The Government respectfully requests its exclusion under Rule 403.

**II.    The Court Should Preclude Question, Comment Or Argument Related To Documents, Allegedly From the Fiscalía General de la Nación, Presented By Defense At Or**

**After The Suppression Hearing As Irrelevant And Prejudicial.**

Defendants presented letters purportedly from the Fiscalía General de la Nación, or Colombian Office of the Public Prosecutor (hereinafter "Fiscalia") at the suppression hearing on October 7, 2015.[2] These letters formed a basis for the Defendants' joint venture argument at the suppression hearing. However, the letter and the Defendants' joint venture argument has no relevance to this case at trial and the Government respectfully request its exclusion under Rule 402 and Rule 403.

The Court has the discretion to preclude irrelevant evidence that will lead to jury confusion. *United States v. Pitocchelli*, 830 F.2d 401, 404 (1st Cir. 1987); *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786 (3rd Cir. 1992). Even if the Court finds the letter relevant, the letter and any cross examination related to it, must be precluded under Federal Rule of Evidence Rule 403. *See e.g., United States v. Renfro*, 620 F.2d 497, 500-01 (5th Cir. 1980).

In *United States v. Renfro*, the Fifth Circuit upheld a trial court's decision to prevent a line of questioning related to efforts by a government witness to elicit cooperation from the defendant's associates. *Id*. at 501. The Fifth Circuit concluded that, "the trial might have devolved into a lengthy dispute about the racketeering charges and the FBI's investigation into Renfro and other parties. Aside from wasting valuable time and judicial resources, such a clash would have operated to confuse and mislead the jury." *Id*.

Based on the representations made by the Defendants at the suppression hearing, Defendants may again use these letters in an attempt to illustrate for the jury that the United States Government or the Colombians illegally investigated the Defendants through a joint venture. The letter to Defendant Knowles, dated July 11, 2014, indicates that Defendant Knowles was a part of a bilateral judicial assistance case and not the subject of a case prosecuted by the Fiscalia. The two

---

[2] The Government made multiple requests for reciprocal discovery from Defendants prior to the suppression hearing, yet did not receive a copy of these letters until the day of the suppression hearing. The letter to Defendant Knowles appears to have been received by Defendant Knowles on or around July 24, 2014 and the letters from the Fiscalia to Defendant Thompson appear to be dated August 13, 2013.

letters filed by Defendant Thompson on October 9, 2015 from the Fiscalia's Director of International Affairs also don't appear to have any bearing on matter before the Court.   The Defendants have not provided any information that these letters have any relevance to a CNP investigation of the Defendants conducted in 2011 and 2012 or the current prosecution by the U.S. Department of Justice.   The Government respectfully requests the Court to exclude these letters as irrelevant under Rule 402.   Moreover, allowing Defendants to cross examine CNP officers on correspondence from a different Colombian governmental entity would confuse the jury, cause undue prejudice, and waste valuable time and judicial resources. In effect, the Defendants would turn the trial proceedings into a referendum on the legality of the investigation. As the Fifth Circuit noted in *Renfro*, the Government would then need to present rebuttable evidence and the trial would dissolve into a contest into the meaning of these letters that would waste time and judicial resources. The Government respectfully requests the exclusion of these letters under Rule 403.

**III.    The Court Should Preclude Question, Comment Or Argument Related To Any Materials The Defendants Did Not Provide In Response To The Government's Repeated Requests For Reciprocal Discovery.**

The Government is entitled, under Rule 16(b)(1)(C) of Criminal Procedure, to reciprocal discovery from the Defendants. Fed. R. Crim. P. 16. Although Rule 16 does not include specific timing requirements, it is expected that the parties will make their requests and disclosures in a timely fashion. In cases where defendants have unreasonably refused to provide reciprocal discovery, and enjoyed the benefit of the Government's generous production without the burden of reciprocating, sanctions have been imposed. *United States v. Swenson*, 298 F.R.D. 474, 478 (D. Idaho 2014). As illustrated by the Defendants use of previously undisclosed documents at the suppression hearing on October 7, 2015, the Government respectfully requests the Court to preclude the Defendants from using any evidence at trial not provided to the Government during the discovery period. The grant of this request is fair and in the interest of justice where the Government made discovery requests on June 30, 2015, August 3, 2015, August 7, 2015, September 17, 2015, October 7, 2015, October 27, 2015 and October 28, 2015.

**IV.     Conclusion**

In light of the foregoing, the United States respectfully requests that the defense be precluded from making any mention of the arguments discussed herein, and this motion *in limine* be granted.

Respectfully submitted this 3rd day of November 2015.

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By:     _____/s/_____
Jason F. Cunningham
Trial Attorney
Narcotic and Dangerous Drug Section
United States Department of Justice
Washington, DC 20530
(202) 616-2534
Jason.cunningham2@usdoj.gov

By:     _____/s/_____
Paul Joseph (DC Bar # 448495)
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, DC 20530
202-514-9644
Paul.Joseph2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, I filed this document via ECF and therefore caused a copy to be served on the defense counsel of record in this case.

By:     ___/s/_____

Jason F. Cunningham Trial Attorney
Narcotic and Dangerous Drug Section
United States Department of Justice
Washington, DC 20530
(202) 616-2534
Jason.Cunningham2@usdoj.gov

By:     _____/s/_____

Paul Joseph (DC Bar # 448495)
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, DC 20530
202-514-9644
Paul.Joseph2@usdoj.gov

8