The United States District Court

For the District of Columbia

Dwight Knowles

V                              Case # 1:12-cr-00266 ABJ

United States of America

Response to Government
Motion 369

Dwight Knowles respectfully files it
response to the Government Motion
Dwight Knowles asserts that this court do have
Jurisdiction to entertain the defendant motion
and requests that the court dismiss the
indictment

Argument

The District Court do have Jurisdiction
to entertain the defendant request
The united states government do not have
any case to tell the court deny the defendant
motion to dismiss indictment. Because
the defendant Dwight knowles never was
surpost to be indicted. Because the united
states government never had Jurisdiction
to indicted Dwight Knowles from colombia
The court entertain Case #1:12-cr-00266 ABJ on
Fraud Jurisdiction grounds She have right
to entertain this Motion because the indictment
was illegal present to the court

The united states government use the N 157 PA aircraft to say they had Jurisdiction for this case. The truth was never told about the N157PA aircraft to the grand Jury in 2012 This court do not lack Jurisdiction to consider this motion. Because the united States use a illegal obtained telephone convocation to get a indictment in 2012. The United States government Fraud a indictment to charge Dwight Knowles in 2012 The united united States government never present any evidence to prove they had Jurisdiction over Dwight Knowles. The N157 PA aircraft was never lease by Knowles or anyone in this indictment The D.E.A. agents (Christopher Lane) stated in his affidavit in support of extradition that the (N157 PA was lease) for drug Before the united States government talk about case law. The government need to show the court who they get Jurisdiction over Dwight Knowles. The united states government can talk all the case law about 18 U.S.C. § 2255 and 28 U.S.C. § 2255 and tell they present evidence to show where they get Jurisdiction to have Knowles here in the united States prison. The court have Jurisdiction to

2

dismiss indictment. This is a constitutional argument violation of Dwight Knowles. It's the court constitutional right to hear or to entertain this Motion. The law is well settled that Franks v Delaware on False arrest and False imprisonment. If the united States government did not use a False arrest warrant and False imprisonment we would never have this predicament today. Now they trying to use law ok let us talk

3    about the Supreme court law being president Franks v Delaware. Tell the court She lack Jurisdiction to hear about False arrest and False imprisonment you are INSANE. The court never had Jurisdiction to hear Case 1:12-cr-00266-ABJ united States of America v Sergio Gonzalez Bencomo et al (FACT but the united States District court For District of columbia did hear that case in 2017. When the united States government know that indictment was Fraud but they still put on a Show any way. NOW you want to talk about law so you do not repect the constitutional of the united States oF America which stated under the fourth amendment For False arrest and False imprisonment that is the law (FACT). Kaitlin J. Sahni and Marlon cobar acting

Chief Narcotic and dangerous drug section are rewriting the law and constitutional of the united states of America. Now you want to talk Jurisdiction let talk Jurisdiction the united states government never had Jurisdiction to arrest Dwight Knowles. you use the N157PA aircraft to say the united states had Jurisdiction but the aircraft was stolen by three bahamian on 24 May 2012 ( Fact ) not lease. The only person you had Jurisdiction over was the three bahamian on board (N157PA aircraft) I am talk about Dwight Knowles you never had Jurisdiction over Dwight Knowles. The 20 May 2012 telephone conversation between Bencomo (leader of the conspiracy) and Knowles that you present to the colombia government request Dwight Knowles arrest and extradition you did not had Jurisdiction over that 20 may 2012 telephone conversation ( FACT ) All of the document and exhibit i am present come from the government Exhibit (A) affidavit in support of extradition Exhibit (B) Diplomatic note 2696 Exhibit ( C ) the 103 document from the colombia government wiretap. Exhibit (D) Translator note of the 20 may 2012 telephone conversation Exhibit ( E ) Description of exhibit 1-50 1.50a from the government Dwight Knowles had no nexus to the N157PA aircraft or the united states of America (NEXUS)

4

The indictment was a fraud indictment
The indictment case # was 1:12-cr-00266 ABJ
United States of America V Sergio Gonzalez
Bencomo et al. The Embassy of the United
States of America present it compliment
to the Ministry of Foreign Relations of the
Republic of colombia government to request
the extradition of Dwight warren Knowles
a bahamian citizen. In the diplomatic
note No 2696 on page (3) as reflected in the
agent's affidavit in one of the lawfully
intercepted phone conversation made May 20,
2012 Knowles discussed 2000 kilograms of
cocaine. In the D.E.A agent's affidavit in
support of extradition on page (2) stated
BACKGROUD
Information obtained by the colombian
National Police (C N P) from lawfully
intercepted telephone and e-mail conversation
indicates that Knowles and others conspired
to use a U.S. registered aircraft bearing U.S.
Federal Aviation Administrations (F.A.A.)
registration # N157PA (hereinafter)
the N157PA aircraft) to transport cocaine
on page (3) Investigators identified Gonzalez
Bencomo as the lead organizer of the transport
also on page (3) of the D.E.A agent's affidavit
Following are examples of those conversation
On May 20, 2012 Gonzalez Bencomo called

Knowles and told him that two mils" (a reference to two thousand kilograms of cocaine) would be going and that Gonzalez Bencomo and Knowles would each be paid 1,000. on page (4) of the D.E.A. agent's mr Lane affidavit b) In several conversation between Gonzalez Bencomo and Ferguson From May 20 to 24, 2012 The two men discussed the payment of USD $25,000. For the lease of the N157PA aircraft For the drug transport through wire transfer in Varying amounts. Wire transfer records obtained by law enforcement confirmed the amounts of U.S. dollars sent and the recipients of the money for the lease of the aircraft. on page (5) of the D.E.A. agent's (Lane) affidavit he stated on May 24, 2012 Davis with Ferguson as a passenger flew the N157PA aircraft from bahamas to Haiti. Haitian authorities arrested Davis and Ferguson For unauthorized use of the aircraft and seized the N157PA. In text messages between Davis who was in (Custody) in Haiti and Gonzalez Bencomo on May 25 and May 26, 2012 Davis pleaded For Gonzalez Bencomo assistance in securing his (Davis) release From prison. All of Sergio Gonzalez Bencomo telephone conversation between Knowles (May 20, 2012) Ferguson (May 20 to May 24 2012) Davis text messages between Davis and Gonzalez Bencom (May 25 and May 26

2012) was illegal obtained by the United States government agent's (Christopher Lane D.E.A.) Those telephone conversation's was the Fruit of the poisonou tree. 98 SCT 2674, 57 LED 2D 667, 438 US 154 Franks V Delaware § 806.5 evidence § 103 Supreme court review proffer hearing to challenge warrant affidavit hearing be held at the Dwight Knowles request. Search warrant must be Voided Miranda right and that the search warrant was thereby tainted as the Fruit of an illegally obtained confession which are a Fourth amendment and constitutional Violation of Dwight W Knowles constitutional.

The Colombian National Police Investigator Hever Murillo Cadena and Fiscalia General De LA Nacion Dr Sonia Lucero Velasquez Patino after six month of investigation From 5 January to 8 June 2012 into Sergio Gonzalez Bercomo telephone 300 752 1443 there was no audio recording. Hever Murillo Cadena and Dr Sonia Lucero Velasquez Patino disputed and deny the Information that was in the D.E.A agent's (Christopher Lane) affidavit in support of extradition and the diplomatic note # 2696 about information coming from the Colombian national police about lawfully

intercepted telephone and e.mail conversation's
The Crime case investigation # are 110016000
098201100346. The 20 May 2012 was
the telephone conversation that the united
States government use or point request
Dwight W Knowles extradition From colombia
The 20 May 2012 telephone conversation
was present in the diplomatic note 2696 and
also reflected in the D.E.A agent's affidavit
It show and confirmed that the D.E.A. agent's
(Christopher Lane) affidavit was a Fraud and
Mr Lane committed perjury when he lie
to Judge Alan Key about information in his
affidavit in support of extradition which he
Sworn and Subscribed before her 13
December 2013 Hon Alan Kay united States
Magistrate Judge district of Columbia.
It show and confirmed that the diplomatic
note 2696 was a fraud. So if you cut of
the head of a snake it dead. Sergio
Gonzalez Bencomo was the head or leader
of the conspiracy So the conspiracy die.
When they use Sergio Gonzalez Bencomo
20 May 2012 telephone conversation between
Bencomo and Knowles or any telephone
conversations from Bencomo to present
to the grand Jury in 2012 and in the
diplomatic note 2696 and the D.E.A
agent's affidavit in support of extradition

to make a case to the grand jury in
2012 and to the colombia government
in 2013 to extradition Dwight Knowles
Because it was obtained illegal by the
united States government where they do not
have jurisdiction to wiretap or intercepted
any of the six telephone number's that was
in colombia.

Paul Joseph stated he Just learn about a
investigation conduct by the colombia police
in 2015 in Bogota colombia. Dealing
with a investigation into wiretap. He stated
i Just hand over does wiretap to the defense
team. So that They can not said we are
STACK EVIDENCE against the defendant's
In Paul Joseph affidavit he stated he
review the D.E.A agent's affidavit and the
evidence that knowles was guilt of the crime
that was in 2013. Paul Joseph sworn and
subscribed before her on 13 December 2013
Hon Alan Kay united States magistrate
Judge district of columbia. Paul Joseph
committed perjury by lie in the court doing
a status hearing about the wiretap in Bogota
in 2015. Because he had Knowledge about
the Bogota investigation and wiretap from
2013. Because the 20 May 2012 telephone
conversation between Sergio Gonzalez Bencomo
(leader of the conspiracy) and Knowles

was in the D.E.A agent's affidavit in 2013
and was present to the grand Jury from 2012 by
the United States government. The United
States government STACK illegal obtained
telephone conversations and EVIDENCE
to the grand Jury to get a indictment in
2012 to charge Sergio Gonzalez Dwight
Knowles Oral George Thompson T. Ferguson
and Dario Davis. By present the 20 may 2012
telephone conversation to the grand Jury
but did not present the illegal obtained 20
May 2012 telephone conversation to Knowles
Jury trail in 2017. It a Fourth amendment
constitutional Violation of Dwight Knowles
and the United States of America constitutional
under the Fourth amendment False arrest and
False imprisonment and due process (right's
and liberties) The United States of America
can not be a democracy country but use
Communist law to imprison people by
broke there own law of there country
The United States of America are a communist
country but show a democracy Face
For the World to see. Any information
about sergio Gonzalez Bencomo present
to the grand Jury was illegal obtained
so their was no conspiracy. But at Knowles
sentence the Judge try to make Thompson
the (leader of the conspiracy) When she no

10

Sergio Gonzalez Bencomo was the leader of the conspiracy and the indictment. The indictment states how the leader was it was Sergio Gonzalez Bencomo this make the indictment illegal and a fraud this why the indictment should be ~~this~~ dismiss because about illegal obtained wiretap and False evidence about Sergio Gonzalez Bencomo with out those illegal obtained wiretap and False evidence that was present to the grand Jury there was no indictment. The United States of America government bring a colombian national police name Luis Alfonso Vera Cabeza to testify at Knowles trail about a colombia wiretap The investigation that Luis Alfonso Vera Cabeza testify to was crime # 11001600009 8201000164 The 103 document was File 9 October 2015 in the united states District court District Of Columbia. The information that the united States government use to arrest and extradition Dwight Knowles came from crime # 110016000 0982011000346 This investigation was conduct by colombian national Police name Hever Murillo Cadena. Luis Alfonso Vera Cabeza commit perjury by testify to case that had not thing to do with Sergio Gonzalez Bencomo the indictment was about

United States of America V Sergio Gonzalez
Bescomo et al. At Knowles sentence the
Judge try to make this case about
Thompson by making Thompson the leader
of the conspiracy because she know that
the colombian national police Luis Alfonso
Vera cabeza testify to a investigation that
had not thing to do with the indictment of
Sergio Gonzalez Bescomo and other.
Luis Alfonso Vera cabeza testify that Wiretap
investigation do not have the same crime.
investigation number they are diffecent
from each other. Luis Alfonso Vera Cabeza
investigation could not show any Knowledge
about Sergio Gonzalez Bescomo. The united
states government pay the colombia government
money to put Knowles in a prison and
traffic him as slaves specif The Former
transportation of black people From
AFrica and the caribbean to America For
Sale as Slaves. Dwight Knowler work as a
slaves at Fort Dix Federal Correctional
institution in New Jersey For less than
.80 cent a day. The United States of America
government know Dwight knowles did not
do any crime against the United States
government. The united states government
present illegal wiretap and FalsiFy evidence
and document's to said a crime was

Commit against the United States of
America. Illegal wiretap like 20 May 2012
telephone conversation between Bencomo
and Knowles and the 20 May to 24 May 2012
telephone conversations between Bencomo
and Ferguson also text messages between
Davis and Bencomo on 25 May and 26 May
2012 all of this information was in the D.E.A
agent's affidavit in support of extradition
Falsify evidence and documents like the
diplomatic note 2696 that was present to the
colombia government and the Drug Enforcement
Administration agents (Christopher Lane)
13  affidavit in support of excradition and hide
and seal the 103 document from the defendant's
about the colombian national police
investigation into six telephone number
All of the government prosecutor know about
The illegal obtained telephone called and the
Falsify evidence and documents by the D.E.A
agents The U.S Federal Aviation Administration
did not give a stolen investigation report
about the N157PA aircraft The U.S Federal
Aviation Administration was support to
investigator that the N157PA was stolen
First before it said anything about where
the aircraft registration and how own
the aircraft and which company had
the aircraft and the reason for the

Company having the N157PA aircraft Dwight Knowles was staying in colombia when the N157PA was stolen by three bahamian on 24 May 2012 Knowles never told anyone to stolen the N157PA and the united states government never present a lease agreement for the N157PA with any of the five individual that was name on the indictment by the united states government. The D.E.A. agent stated that the N157PA was lease but if he tell the truth about N157PA being stolen the only person get charge are the three bahamian that was on board the N157PA who can the court allow all the corruption by the D.E.A agent's and the prosecutor and perjury in this case. This indictment also should be dismiss because colombian national police Luis Alfonso Vera had no knowledge about Sergio Gonzalez Bencomo investigation in bogota in 2012 Paul Joseph states at the status hearing in 2015 he just learn about the bogota investigation It show you that the 20 may 2012 conversation was illegal obtained by the united states government and show that they never had probable cause to arrest Dwight Knowles

Three year after bring the indictment
against Sergio Gonzalez Bencomo the
government stated they just get the
wiretap in 2015 about Gonzalez. So
what indictment did they present to the
grand jury in 2012 did they try this
Case on Fraud indictment or the one that
they indicted Dwight Knowles on in 2017
by themself acting as a grand Jury
the organize indictment was Fraud base
on Paul Joseph Statement in the Status
hearing in 2015. Thank to God that i get
My hand on the 103 document dealing
with the colombian national police
investigation into six telephone numbers
to show the corruption by the united states
government and colombia, Dominican
Republic Belize and Bahamas government
All of these government conspired against
Dwight Knowles by use of False evidence
illegal obtained wiretap and helping the
united states of America use a Fraud
indictment to make a False arrest and
False imprisonment of Dwight W Knowles
All of those Country Violation the
International treaty agreement or contract
(law) when it come to extradition person
from one country to the next country

The treaty agreement are international
law by the united nations by violate
the international law are a sereous breach
in the agreement by all of the country
involved. I want you to remember on 24
May 2012 the N157PA was stolen by
three bahamian the united states government
had Jurisdiction over the N157PA aircraft
16  because they stated it was registered in the
united states This statement was in the D.E.A
agent's (Christopher Lane) affidavit in
support of extradition but the united
states government did not charge
one of the three bahamian on board the
N157PA aircraft. The united states government
over step their Jurisdiction when they
came to colombia an arrest knowles
Scene the united states government motion
369 are about Jurisdiction of law and
Jurisdiction about the court. Remember
Dwight Knowles was staying in colombia
not on board N157PA (STOLEN) again
the united states government never had
Jurisdiction over Dwight Knowles
and 20 may 2012 phone Conversation

was illegal obtained so they never
had probable cause to arrest Dwight
Knowles not over the 20 may 2012
phone call not over the N157PA and
all the information about the N157PA
was Falseify in the D.E.A. agents
affidavit and all the telephone conversation
17   from Gonzalez Bencomo phone was
illegal obtained (FACT) or nexus (N157PA)
Knowles had no nexus to N157PA aircraft or the U.S.

CONCLUSION

For the Foregoing reasons Dwight Knowles
repectfully requests that the court dismiss
Indictment

25 August 2020

Dwight Knowles
61323-018

| Exhibit Number | Description of Exhibit | Marked for I.D. | Received in Evidence | Witness | Exhibits Sent into Jury (Date and Time) |
|---|---|---|---|---|---|
| 1.48a | TranscriptPhone call between Thompson and "Omero" dated 05/07/2012 at 16:00:23, telephone number 301-293-8897 belonging to Thompson. (8 pages) | | | | |
| 1.49 | Phone call between Knowles and Gonzalez-Bencomo dated 05/19/2012 at 09:27:56, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. | ✗ | | | |
| 1.49a | Transcript Phone call between Knowles and Gonzalez-Bencomo dated 05/19/2012 at 09:27:56, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. (3 pages) | ✗ | | | |
| 1.50 | Phone call between Knowles and Gonzalez-Bencomo dated 05/20/2012 at 20:54:21, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. | ✗ | | | |
| 1.50a | Transcript Phone call between Knowles and Gonzalez-Bencomo dated 05/20/2012 at 20:54:21, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. (3 pages) | ✗ | | | |
| 1.51 | Phone call between Knowles and Gonzalez-Bencomo dated 05/21/2012 at 07:34:51, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. | ✗ | | | |
| 1.51a | Transcript Phone call between Knowles and Gonzalez-Bencomo dated 05/21/2012 at 07:34:51, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. (3 pages) | ✗ | | | |
| 1.52 | Phone call between Knowles and Gonzalez-Bencomo dated 05/21/2012 at 08:11:51, telephone number 300-752-1443 belonging to Gonzalez-Bencomo. | ✗ | | | |

14

6 copy

2 copy

RECEIVED
Mail Room
SEP - ? 2020

0-3007521443.01.07 - 05.20.2012 AT 20.54.21.434

**Date of recording:** May 20, 2012

**Time of recording:** 20:54:21:434

160

141

## ABBREVIATIONS

[Inaud.]: Inaudible

[PH]: Phonetic

[xx]: Translator's notes

*Italics*: Originally spoken in English

//: Speak simultaneously



## PARTICIPANTS:

KNOWLES:         Dwight Knowles, a/k/a "Arizona"

BENCOMO:         Sergio Gonzalez Bencomo, a/k/a "Mane," a/k/a "Cuba"

need to see

3 set

4 copy         1 copy

0-3007521443.01.07 - 05.20.2012 AT 20.54.21.434

KNOWLES: Yeah.

BENCOMO:  Yeah what's up?

KNOWLES:  Everything cool.

BENCOMO:  I need for you to start making some numbers,
expenses. I need for you start making some numbers,
the expenses we're going to have with how much 730
going to make, how much the car's going to make, how
much we have to - over here they're going to pay us
1,000 so that gives us 2 mils that's gonna go.  We
have to pay the, the right driver and they asking me
250, I said no 200, no more than 200 for the right
driver and 50 for the coming in of the TV. The
expenses up to now they told me they were going to try
to leave it at 200.  So we have expenses over here -
200 for the right driver and 50 for the TV - that's
250. If they come down to 200 otherwise it will be
300, and because this guy is getting the plane for
1,200 but he's getting 200 for him and the other guy.
Okay so for us 1,000 and we have the expenses there,
so you make the expenses, you know what to do with
that.

KNOWLES:  All right, they can work on that.

BENCOMO:  Okay [inaud.] because we need numbers down here.

KNOWLES:  All right.

BENCOMO:  Okay, so we - I didn't know we have to pay the,
the TV or the right driver, I asked somebody else
where you are, and he said that's the way they work

2



0-3007521443.01.07 - 05.20.2012 AT 20.54.21.434

over here.  We have to pay the right driver, and the

TV. 50 and it should be 250, but I said no, come down

to 200 because I have too much expenses, you know.  So

that leaves us a mil, a mil 750 and we have to, you

know, pay 730, Ian too, the car, whatever.

KNOWLES:  All right then.

BENCOMO:  Okay.

KNOWLES:  Yeah.


**[END OF FILE]**


3

192-a

| | | | | USO EXCLUSIVO POLICIA JUDICIAL | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | **Nº CASO** | | | |
| 1 | 1 | 0 | 0 | 8 | 0 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 0 | 1 | 8 | 4 |
| Dpto | Municipio | Entidad | Unidad Receptora | | | | Año | | | Consecutivo | | | |

### INVESTIGADOR DE CAMPO –FPJ-11–

Este informe será rendido por la Policía Judicial para aquellas tareas puntuales que no sean objeto de informe ejecutivo

| Departamento | MAGDALENA | Municipio | SANTA MARTA | Fecha | Julio 25 de 2011 | Hora: | 1 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|

OFICIO No __0807__ / SURAN-CREG8.22

**1. Destino del informe:**

Dr.
**DANIEL GONZALEZ ARDILA**
Fiscal Especializado 21 UNAIM
Bogotá DC.-

Conforme a lo establecido en los artículos 209, 255, 257, 261 y 275 del C.P.P. me permito rendir el siguiente informe.

**2. Objetivo de la diligencia**

SOLICITUD INTERCEPTACIÓN ABONADOS CELULARES NRO: **301-293-8897 Y 300-312-3438**

**3. Dirección en donde se realiza la actuación**

UNIDAD DE INVESTIGACION CRIMINAL ANTINARCOTICOS SANTA MARTA

**4. Actuaciones realizadas**
No aplica

**5. Toma de muestras**

| No. de EMP y EF | Sitio de recolección | Descripción de EMP y EF |
|---|---|---|
| | | |
| | | |

Nota: En el evento en que se recolecten EMP o EF, inicie los registros de cadena de custodia.

**6. Descripción clara y precisa de la forma, técnica e instrumentos utilizados**

No aplica

**7. Resultados de la actividad investigativa (Descripción clara y precisa de los resultados)**

Bajo la gravedad de juramento y teniendo en cuenta que se ha venido aportando información suministrada por la DEA Regional Cartagena a la presente indagación, en acato a las normas internacionales como lo es el artículo 485 de la Ley 906 de 2004 y

Página 1 de 4 Oficio 0807-SURAN-CREG8.22

*document date 25 July 2011*

*This document is from 103*

*This document show C.N.P analysis Edgar Diaz Robles a sign to 301-293-8897 chad and 300.312.3438 arizona not C.N.P Luis Alfonso Vera now witness exhibit number 1.28   1.27   1.09*

293-a

| | | | USO EXCLUSIVO POLICIA JUDICIAL |
|---|---|---|---|

N° CASO

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 0 | 1 | 6 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Dpto | Municipio | Entidad | Unidad Receptora | Año | Col consecutivo

adicionalmente lo estipulado en el artículo 9 de la Convención de Naciones Unidas sobre el tráfico ilícito de estupefacientes y sustancias sicotrópicas suscrita en Viena el 20 de diciembre de 1988 y artículos 26 y siguientes de la convección de Palermo del 2000, entre otros instrumentos internacionales que regulan esta materia, así mismo de acuerdo al Manual de Cooperación Internacional en Materia Penal emitido por la Fiscalía General de la Nación mediante el código FGN-17000-M01, en su numeral 6 Intercambio de Información entre autoridades de Policía establece las reglas, teniendo en cuenta se allega a la Jefatura del Grupo de Investigación criminal Zona Norte, Antinarcóticos, una carta de fecha Julio 22 de 2011, firmada por el señor PHIL WELCOME Sub Director DEA Cartagena, en la cual dan a conocer dos (02) abonados celulares, utilizados por los sujeto de alias "Chad" y "Arizona", quienes los estarían utilizando para coordinar actividades ilícitas dedicadas al tráfico de estupefaciente en nuestro territorio.

Una vez recibida esta información me puse en comunicación vía telefónica con el señor MIKE TOLLIVER Agente Especial DEA, oficina Cartagena, quien manifiesta que estos abonados utilizados por alias "Chad" y "Arizona", se obtuvieron mediante información que se suministran diferentes fuentes a esa Agencia Federal Antinarcóticos (DEA) y que estos sujetos se encargan de la consecución y coordinación de envíos de sustancia estupefaciente en la modalidad de aviones que salen desde nuestro territorio con destino islas del Caribe y centro América, de igual manera manifiesta el agente que mantienen comunicación con alias "Pavarotti" con quien están coordinado un envió hacia BAHAMAS.

De acuerdo con lo anterior y como quiera que la presente indagación aparece relacionado un alias "Pavarotti" se establece el nexó causal entre la información aportada por la DEA y esta indagación, pues coinciden también el modus operandi y la zona geográfica en donde se comete la actividad delictual.

Página 2 de 4 Oficio 0807-SUFAN-OREG8.22

This document is from 103
date 25 July 2011

CNP analysis Edgar Diaz Robles a sign to both
number 301-293-8897 chad 300-312 3438 arizona
not CNP Luis Alfonso Vera

| USO EXCLUSIVO POLICIA JUDICIAL |
| --- |
| Nº CASO |

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 0 | 1 | 6 | 4 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Dpto | | Municipio | | Entidad | | Unidad Receptora | | | Año | | | Consecutivo | | | | | | | | |

Es de anotar que alias "Pavarotti" se han venido interceptando durante el transcurso de la presente indagación, arrojando conversaciones de interés para lo aquí investigado utilizando el abonado celular 300-239-4551 el cual fue autorizada su interceptaciones por ese despacho mediante resolución de fecha Mayo 27 de 2011

Como quiera que alias "Chad" y "Arizona", estarían adelantando actividades ilícitas, presuntamente dedicadas al tráfico de estupefaciente en asocio con alias "Pavarotti" me permito solicitar a ese despacho ordene la interceptación de sus abonados celulares **301-293-8897** y **300-312-3438** por cuanto es un acto de investigación proporcional a los hechos que se están investigando, además podremos obtener información, EMP Y/O EF y la identificación de los interlocutores.

Nota: En este punto indique el destino de los EMP y EF si los hubiere
**8. Solicitud:**

| Números celular a Interceptar | |
| --- | --- |
| **NRO TELÉFONO** | **INTERLOCUTOR** |
| **301-293-8897** | CHAT |
| **300-312-3438** | ARIZONA |

**9. Anexos:**

Carta DEA de fecha 22 de Julio de 2011

**10. Servidor de Policía Judicial:**

| Entidad | Código | Grupo de PJ | Servidor | Identificación |
| --- | --- | --- | --- | --- |
| PONAL | 63228 | UICSA | SI. EDGAR FERNANDO DIAZ ROBLES | 4.051.531 |

Firma,

Página 3 de 4 Oficio 0807-SURAN-ORIEGA.22

This document is From 103

date 25 July 2011

CNP analysis Edgar Diaz Robles' asign to both number
301-293-8897 chat 300-312-3438 arizona not CNP
Luis Alfonso Vera

Edgar Diaz Robles was arrest and convicted For leaking
information on Knowles phone

|  **FISCALIA** GENERAL DE LA NACIÓN | PROCESO PENAL | Código: FGN-50000-F-46 |
|---|---|---|
| | **SOLICITUD LABORES DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS ANTE EL SISTEMA ESPERANZA** | Versión: 05 |
| | | Página 1 de 1 |

**Ciudad:** Bogotá D.C.                                          **Fecha:** 08 de Junio de 2.012

**Oficio No.**

Señores
**FISCALIA GENERAL DE LA NACIÓN**
Dirección Nacional de Fiscalías
Sistema Esperanza
Bogotá D.C.

**Asunto:** Solicitud labores de Cancelación Interceptación
**Delito:** Tráfico de Sustancias Químicas Controladas

### No. Noticia Criminal

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 1 | 0 | 0 | 3 | 1 | 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

En cumplimiento de la orden de interceptación de comunicaciones telefónicas y en virtud al convenio establecido para realizar actividades en las salas de monitoreo, solicito se lleven a cabo las acciones sobre los blancos que se describen a continuación.

| Identificación del blanco | | | Acción | | Descripción de la solicitud | | | |
|---|---|---|---|---|---|---|---|---|
| OPERADOR | PREFIJO | No. TEL | A S I G | C A N C E L | Fecha (Resolución) | Unidad | Despacho | Término (Días) |
| Tigo | 300 | 7521443 | | X | 08/06/12 | UNAIM | 7 | XXXXX |

El término de la interceptación que se determine en el presente formato, comenzara a contabilizarse a partir de que se haga efectiva la misma.

Cordialmente,

_firma_

**DR. SONIA LUCERO VELASQUEZ PATIÑO**
Cédula No.31.927.940
Fiscal 7 UNAIM

_firma_

Intendente **HEVER MURILLO CADENA**
Dirección de Antinarcóticos
Proceso Control Precursores Químicos

**IT. WILSON URIBE RUIZ**
Coordinador Sala Monitoreo
Dirección de Antinarcóticos
Proceso Control Precursores Químicos
Sala Verde

Huella Coordinador
Sala de Monitoreo



| **PROCESO PENAL** | Código: FGN-50000-F-20 |
| **ORDEN DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES** | Versión: 01 |
| | Página 3 de 3 |

**IDONEIDAD y PERTINENCIA:** Cabe advertir que con esta actuación de la FISCALÍA GENERAL DE LA NACIÓN, no solamente se aseguran elementos materiales probatorios, sino que igualmente puede con ellos llegar a establecer la individualidad e identidad de los autores o partícipes en los hechos punibles investigados, al esclarecimiento de los mismos y finalmente desarrollar los principios para los cuales fue construido el Sistema Penal Acusatorio y Oral, con lo son la verdad, la justicia y la reparación. Como medida de prevención para salvaguardar el derecho a la intimidad que, de todas maneras se afecta al solicitar la interceptación de las conversaciones telefónicas, y en procura que dicha afectación sea restringida a lo eminentemente necesario para la investigación, se dispone que las personas que participan en esta labor como lo son los funcionarios de Policía Judicial guarden la debida reserva en cuanto a las conversaciones que no tengan relación con el objeto de investigación.

Bajo estos referentes, es claro que obran motivos fundados al tenor del Art 221 de la ley 906 de 2004 para emitir la **ORDEN DE INTERCEPTACIÓN** del abonado celular en referencia.

| 1. Informe de Policía Judicial | No. de informe: | Investigador de Campo de fecha 05/01/12 |
|---|---|---|
| Entidad | Policía Nacional De Colombia | Código |
| Grupo de PJ | Proceso Control Precursores Químicos | Código |
| Servidor: | Intendente HEVER MURILLO CADENA | Identificación | 79.875.317 |

| 2. Elementos materiales probatorios o evidencia física | Haga una relación estos |
|---|---|
| Informe de Investigador de Campo de Fecha 05/01/12 suscrito por el señor Intendente HEVER MURILLO CADENA | |

| Término máximo: | Seis (6) meses contados a partir de la fecha de la presente orden. |
|---|---|

| Unidad | | Especialidad | U | N | A | I | M | Código Fiscal | - | 0 | 7 | - | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nombre y apellido del Fiscal: | | | | | | | SONIA LUCERO VELASQUEZ PATIÑO | | | | | | |
| Dirección: | DIAG. 22 B No. 52-01, ed. F, Piso 2, | | | | | | | | Oficina: | | | | |
| Departamento: | Cundinamarca | | | | Municipio: | Bogotá | | | | | | | |
| Teléfono: | 5702000 | | Correo electrónico: | | | | | | | | | | |

Firma,

Doctora **SONIA LUCERO VELASQUEZ PATIÑO**
Fiscal Especializada No. 7 UNAIM

USO EXCLUSIVO POLICIA JUDICIAL

**Nº CASO**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 1 | 0 0 1 6 | 0 0 0 0 9 8 | 2 0 1 1 | 0 0 3 4 6 |

No. Expediente CAD | Dpto | Mplo | Ent | U. Receptora | Año | Consecutivo

## INVESTIGADOR DE CAMPO –FPJ-11-

Este informe será rendido por la Policía Judicial para aquellas tareas puntuales que no sean objeto de informe ejecutivo

| Departamento | Cundinamarca | Municipio | Bogotá | Fecha | 08/06/12 | Hora: | 0 8 0 0 |

### 1. Destino del informe:

Fiscal 7 Especializado UNAIM – Fiscalía General de la Nación.

Conforme a lo establecido en los artículos 209, 255, 257, 261 y 275 del C.P.P. me permito rendir el siguiente informe.

### 2. Objetivo de la diligencia

**Solicitud Cancelación de Comunicaciones Telefónicas**
**Artículo No. 235 C.P.P.**

1. **Abonado Celular No. 300-7521443:** El cual fue interceptado a través de orden a policía judicial de fecha 05/01/12. Con relación a dicho abonado se hace necesario cancelar la interceptación toda vez que desde la fecha en que se radicó el cuadro de interceptación en el Sistema Esperanza de la Fiscalía General de la Nación, no ha generado audios o registros.

Es de anotar que con la experiencia que tiene este funcionario, dicho abonado se dejó unos días en el sistema para establecer si la persona que lo estaba utilizando estaba de viaje o si lo había apagado por unos días, pero se pudo establecer que definitivamente no lo está utilizando.

### 3. Dirección en donde se realiza la actuación

Sala Verde del Sistema Esperanza, Proceso Control Precursores Químicos, Grupo de Investigación Criminal de la Dirección de Antinarcóticos - Policía Nacional.



3
set

Versión 18/11/05

**4. Actuaciones realizadas**

Interceptación de abonados a través de orden a Policía Judicial emitida por la Fiscalía General de la Nación.

**5. Toma de muestras**

| No. de EMP y EF | Sitio de recolección | Descripción de EMP y EF |
|---|---|---|
| | | |
| | | |

Nota: En el evento en que se recolecten EMP o EF, inicie los registros de cadena de custodia.

**6. Descripción clara y precisa de la forma, técnica e instrumentos utilizados**

El equipo disponible denominado servidor Sala Verde que se encuentra conectado al Sistema Esperanza de la Fiscalía General de la Nación a través de un canal de comunicaciones llamado Lincoln, el cual es codificado mediante la aplicación del programa Penk Link, a las diferentes estaciones de escucha que son monitoreadas permanentemente por un analista previamente seleccionado por la Jefatura de la Unidad.

**7. Resultados de la actividad investigativa (Descripción clara y precisa de los resultados)**

**Abonado Celular No. 300-7521443:** El cual fue interceptado a través de orden a policía judicial de fecha 05/01/12. Con relación a dicho abonado se hace necesario cancelar la interceptación toda vez que desde la fecha en que se radicó el cuadro de interceptación en el Sistema Esperanza de la Fiscalía General de la Nación, no ha generado audios o registros.

Nota: En este punto Indique el destino de los EMP y EF si los hubiere.

**8. Anexos:**

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**9. Servidor de Policía Judicial:**

| Entidad | Código | Grupo de PJ | Servidor | Identificación |
|---|---|---|---|---|
| PONAL | | COPRE | Intendente **HEVER MURILLO CADENA** | 79.875.317 |

Firma,

Nota: En caso de requerir más espacio para diligenciar alguna de estas casillas, utilice hoja en blanco anexa, relacionado el número de Noticia criminal.

| ▨ FISCALIA | PROCESO PENAL | Código: FGN-50000-F-20 |
| | ORDEN DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES | Versión: 01 |
| | | Página 1 de 3 |

| ▨▨▨ Cundinamarca ▨▨▨ | Bogotá | ▨▨ 05/01/12 | ▨▨ 1 4 0 0 |

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 1 | 0 | 0 | 3 | 4 | 6 |

| 1. | Teléfono fijo | | Número | | |
| 2. | Teléfono móvil | X | Número | 300-7521443. | |
| 3. | Otra | Correo Electrónico | Identificación | |

PONAL - Dirección Antinarcóticos - Proceso Control Precursores Químicos.

| Delito | Código | | |
|---|---|---|---|
| 1. Tráfico de Sustancias para la Fabricación de Estupefacientes. | 3 | 8 | 2 |
| 2. Tráfico de Estupefacientes. | 3 | 7 | 6 |

Obtener Elementos Materiales Probatorios o Información legalmente obtenida, respecto a la existencia de una red ilegal, relacionada con el tráfico de estupefacientes y sustancias químicas controladas utilizadas para el procesamiento de los mismos, según información suministrada mediante **oficio de fecha 12/09/11 suscritos por un funcionario adscrito a la DEA en Colombia**, donde se da a conocer la existencia de una organización criminal con injerencia en las ciudades de Bogotá, Medellín, Cali y la Costa Atlántica, dedicada al tráfico de estupefacientes hacia Centro América y los Estados Unidos. Estructura delincuencial que estaría al mando de alias **DIEGO MARÍN** alias **PITUFO**, quien tiene su centro de injerencia en la ciudad de Cali, desde donde coordina el envío de estupefacientes hacia los Estados Unidos, utilizando países Centroamericanos como lugares de tránsito para el tráfico de cocaína.

Se da inicio a esta labor teniendo en cuenta el Informe Investigador de Campo de fecha **05/01/12** allegado por el funcionario de Investigación Criminal, Intendente **HEVER MURILLO CADENA**, donde expone los motivos que dan lugar a la interceptación del abonado celular **No. 300-7521443** el cual se obtuvo a través de la interceptación del abonado celular No. 300-5320756 utilizado por **AMIGO MAÑE**, este último interceptado a través de orden a policía judicial de fecha 06/10/11.



| PROCESO PENAL | Código: FGN-50000-F-20 |
| ORDEN DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES | Versión: 01 |
| | Página 2 de 3 |

**Comunicados de Interés**

**1.** 03/01/12 a las 14:01:03 horas: **MAÑE** le dice a NN que lo dejaron esperando con carro y chofer y que ahora quieren la vuelta para el miércoles o jueves; NN dice que cuanto es lo que se gana?; **MAÑE** dice que son 800 mil de los grandes; NN dice que eso si vale la pena, que el nuevo de él es **0424-1023117; MAÑE** dice que a ese le va a pasar por un mensaje el nuevo.

Este Delegado reconoce el derecho fundamental a la intimidad dispuesto en el artículo 15 de la Constitución Nacional pero, ponderando este derecho con el artículo 250 de la misma normatividad que otorga el derecho la Fiscalía General de la Nación a investigar la probable realización de comportamientos ilícitos contra la seguridad y la salud pública, encuentra que resulta de mayor supremacía el derecho del ente investigador de ejercer la actividad investigativa para el eficaz cumplimiento de sus funciones y con el fin de resguardar la Constitución y la leyes en beneficio social, haciendo prevalecer el interés general sobre el particular, dispone acceder a la solicitud de la Policía Judicial. Ahora bien, para expedir la orden de la interceptación que nos ocupa, se ha considerado que es un mecanismo que responde a los criterios de **NECESIDAD, RAZONABILIDAD, URGENCIA, IDONEIDAD y PERTINENCIA.**

**NECESIDAD:** Considerando que la interceptación de comunicaciones es la única alternativa que tiene la Fiscalía General de la Nación para procurar identificar e individualizar a los autores y partícipes del ilícito, así como el esclarecimiento de los hechos investigados, ello en virtud del modus operandi de estas organizaciones criminales, que no solo permanecen en la clandestinidad, sino que cambian constantemente de medios de comunicación a pesar del lenguaje cifrado que utilizan.

**RAZONABILIDAD:** Se deriva de la gravedad y la naturaleza de los hechos punibles por lo que se procede, y de los cuales el ente acusador tiene conocimiento, considerando la magnitud nacional e internacional que representa este flagelo del tráfico de estupefacientes, la afectación de los bienes jurídicamente tutelado a nivel mundial, ya que es bien sabido que estas sustancias con enviadas al exterior, y la naturaleza de este delito lleva a la FISCALIA GENERAL DE LA NACION a guardar extremo cuidado en la búsqueda de los resultados, teniendo en cuenta que este delito es uno de los más graves, pues las personas que se encuentran involucradas, están probablemente vinculadas con grandes organizaciones criminales.

Adicionalmente, el consumo de estupefacientes se realiza por el destinatario final, quien es surtido por el distribuidor, quien a su vez la obtiene por el mayorista. Tanto en Colombia como en el exterior, es el mismo modus operandi, estas sustancias alucinógenas son distribuidas en las calles, y una vez iniciada la persona en el consumo en difícil rehabilitarla.

**URGENCIA:** Obedece al apremio que el control de estas comunicaciones requiere en la actividad investigativa de la actividad ilícita de estas organizaciones delincuenciales.

| FISCALIA GENERAL DE LA NACION | **PROCESO PENAL** | | Código: FGN-50000-F-20 |
|---|---|---|---|
| | **ORDEN DE CANCELACIÓN INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES** | | Versión: 01 |
| | | | Página 2 de 2 |

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 1 | 0 | 3 | 4 | 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**5. Motivos que dan lugar a las circunstancias de tiempo, modo y lugar.**

Se da inicio a esta labor teniendo en cuenta el Informe Investigador de Campo de fecha **08/06/12** allegado por el funcionario de Investigación Criminal, Intendente **HEVER MURILLO CADENA**, donde expone los motivos que dan lugar a la cancelación de los abonados celulares No. **300-7521443** el cual fue interceptado a través de orden a policía judicial de fecha 05/01/12. Con relación a dicho abonado se hace necesario cancelar la interceptación toda vez que desde la fecha en que se radicó el cuadro de interceptación en el Sistema Esperanza de la Fiscalía General de la Nación, no ha generado audios o registros.

Por lo anterior y de acuerdo a lo estipulado en el artículo 52 LEY 1453 de 2.011 del CPP, se ordena la cancelación **INMEDIATA** de la interceptación del abonado celular en cita, toda vez que no ha generado audios o registros.

**6. Respaldo probatorio para los motivos fundados:**

| 1. Informe de Policía Judicial | No. de informe: | Investigador de Campo de fecha **08/06/12** | |
|---|---|---|---|
| Entidad | Policía Nacional De Colombia | Código | |
| Grupo de PJ | Proceso Control Precursores Químicos | Código | |
| Servidor: | Intendente **HEVER MURILLO CADENA** | Identificación | **79.875.317** |

| 2. Elementos materiales probatorios o evidencia física | Haga una relación estos. |
|---|---|
| Informe de Investigador de Campo de Fecha **08/06/12** suscrito por El señor Intendente **HEVER MURILLO CADENA**. | |

**8. Plazo de la orden:**

| Término máximo: | INMEDIATO. |
|---|---|

**9. Funcionario que expide la orden:**

| Unidad | | Especialidad | U | N | A | I | M | Código Fiscal | . | 0 | 7 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nombre y apellido del Fiscal: | | | | | | | **SONIA LUCERO VELASQUEZ PATIÑO** | | | | | |
| Dirección: | DIAG. 22 B No. 52-01, ed. F, Piso 2. | | | | | | | | Oficina | | | |
| Departamento: | Cundinamarca | | | | | Municipio: | Bogotá | | | | | |
| Teléfono: | 5702000 | | Correo electrónico: | | | | | | | | | |

Firma,

Doctora **SONIA LUCERO VELASQUEZ PATIÑO**

291-a



**PROCESO PENAL**

| **FISCALIA** GENERAL DE LA NACIÓN | *SOLICITUD LABORES DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS ANTE EL SISTEMA ESPERANZA* | **Código:** FGN-50000-F-46 |
|---|---|---|
| | | **Versión:** 04 |
| | | **Página 1 de 1** |

Bogotá DC, Julio 25 de 2011

Oficio No.

Señores
FISCALIA GENERAL DE LA NACIÓN
Dirección Nacional de Fiscalías
Sistema Esperanza
Bogotá D.C.

Asunto: Solicitud labores de interceptación.
Delito: fabricación, trafico porte de estupefacientes

No. Noticia Criminal

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 0 | 1 | 6 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

En cumplimiento de la orden de interceptación de comunicaciones telefónicas y en virtud al convenio establecido para realizar actividades en las salas de monitoreo, solicito se lleven a cabo las acciones sobre los blancos que se describen a continuación.

| Identificación del Blanco | | Acción | | | Descripción de la solicitud | | | |
|---|---|---|---|---|---|---|---|---|
| Prefijo | No. Tel. | Ingresar | Borrar | Prorroga | Fecha (Resolución) | Unidad | Despacho | Término (Días) |
| 301 | 293-8897 | X | | | Julio 25 de 2011 | UNAIM | 21 | 180 |
| 300 | 312-3438 | X | | | Julio 25 de 2011 | UNAIM | 21 | 180 |

El término de la interceptación que se determine en el presente formato, comenzará a contabilizarse a partir de que se haga efectiva la misma.

Cordialmente,

Dr. DANIEL GONZALEZ ARDILA
C.C. 79.362.620
Despacho 21 Especializado UNAIM

Subintendente EDGAR FDO. DIAZ ROBLES
Dirección de Antinarcóticos
Unidad de Investigación criminal Santa Marta

SI. HECTOR FABIO GARCIA LOPEZ
Coordinador ( E ) sala Monitoreo
Unidad de Investigación Criminal Cartagena
Sala Beige

Huella Coordinador
Sala De Monitoreo

When CNP analysis Edgar Diaz Robles was arrest and convicted
of leaking information from the colombian nation police investigation
into both phone 301 293-8897 and 300-312-3438 from 25/7/2011
CNP analysis Vera-Cabeza was not the CNP assign to
the phone of 301-293-8897 and 800-312-3438 on 25/7/2011
this page from 103 document show you CNP Edgar Diaz Robles name
This is one page from document 103 Shown Exhibit number
5-69a(2)

| FISCALÍA GENERAL DE LA NACIÓN | **PROCESO PENAL** | Código: FGN-50000-F-20 |
|---|---|---|
| | **ORDEN DE CANCELACIÓN INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES** | Versión: 01 |
| | | Página 1 de 2 |

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 3 | 4 | 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| País | Municipio | Entidad | Unidad Receptora | Año | Consecutivo |

| Departamento | Cundinamarca | Municipio | Bogotá | Fecha | 08/06/12 | Hora | 0 | 9 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|

**1. Código único de la investigación**

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 3 | 4 | 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| País | Municipio | Entidad | Unidad Receptora | Año | Consecutivo |

**2. Tipo de comunicación que se cancela**

| 1. | Teléfono fijo | | Número | | |
|---|---|---|---|---|---|
| 2. | Teléfono móvil | X | Número | **300-7521443.** | |
| 3. | Otra | Correo Electrónico | Identificación | | |

**3. Organismo de Policía Judicial a la que se imparte la orden**

PONAL - Dirección Antinarcóticos - Proceso Control Precursores Químicos.

**4. Delito**

| Delito | Código | | |
|---|---|---|---|
| 1. Tráfico de Sustancias para la Fabricación de Estupefacientes. | 3 | 8 | 2 |
| 2. Tráfico de Estupefacientes. | 3 | 7 | 6 |

**5. Finalidad**

Obtener Elementos Materiales Probatorios o información legalmente obtenida, respecto a la existencia de una red ilegal, relacionada con el tráfico de estupefacientes y sustancias químicas controladas utilizadas para el procesamiento de los mismos, según información suministrada mediante **oficio de fecha 12/09/11 suscritos por un funcionario adscrito a la DEA en Colombia**, donde se da a conocer la existencia de una organización criminal con injerencia en las ciudades de Bogotá, Medellín, Cali y la Costa Atlántica, dedicada al tráfico de estupefacientes hacia Centro América y los Estados Unidos. Estructura delincuencial que estaría al mando de alias **DIEGO MARÍN** alias **PITUFO**, quien tiene su centro de injerencia en la ciudad de Cali, desde donde coordina el envío de estupefacientes hacia los Estados Unidos, utilizando países Centroamericanos como lugares de tránsito para el tráfico de cocaína.

3set

2 Copy

28ª

# ORDEN DE INTERCEPTACIÓN DE COMUNICACIONES TELEFÓNICAS Y SIMILARES

FISCALIA

| Departamento BOGOTA | Municipio BOGOTA | Fecha 25/07/2011 | Hora: 1 4 3 0 |

## 1. Código Único de la Investigación

| 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 0 | 0 | 0 | 1 | 6 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dpto | Municipio | | Entidad | | Unidad Receptora | | | | Año | | | Consecutivo | | | | | | |

## 2. Números a interceptar

| 1. | Teléfono fijo | | Número | |
|----|----|----|----|----|
| 2. | Teléfono móvil | | Número | **301- 2938897 y 300-3123428** |
| 3. | Otra | Cuál | | Identificación |

## 3. Organismo de Policía Judicial que presenta la orden

UNIDAD DE INVESTIGACIÓN CRIMINAL ANTINÁRCOTICOS SANTAMARTA POLICIA NACIONAL

## 4. Delito

| Delito | | Código | |
|--------|--|--------|--|
| 1. TRAFICO DE ESTUPEFACIENTES | | 3 | 7 | 6 |

X X X

X X

## 5. Finalidad

ARTICULO 235 LEY 906 DE 2004 Y 14 CONSTITUCION NACIONAL

Lograr la individualización e identificación de los miembros de una presunta organización criminal, que al parecer opera en la zona norte del país y utiliza naves y aeronaves para hacer envíos de sustancias derivadas de la Cocaína, a través de diferentes países del Caribe y Centro América, así como recoger evidencias físicas y/o elementos materiales de prueba que sirvan a la investigación.

## 6. Motivos fundados que sustentan la interceptación (modo, tiempo y lugar)

Informe de Investigador de Campo FPJ-11 Oficio 0807/ SURAN, CREG8.22 de fecha 25 de julio de 2011, suscrito por EDGAR FERNANDO DÍAZ ROBLES, que da cuenta que de información suministrada por el Sub Director de la DEA Regional Cartagena señor PHIL J. WELCOME, quien suministró por medio de oficio calendado el 22 de julio de 2011, los números de los abonados celulares **301- 2938897 y 300-3123428**, los cuales estarían siendo utilizados por los señores alias CHAD y ARIZONA respectivamente, quienes, según se desprende del oficio citado arriba, tendrían comunicación con alias PAVAROTI, con quien estarían coordinando un envío de sustancia estupefaciente hacia las BAHAMAS, por lo que el investigador sugiere la necesidad para la investigación obtener escuchas de éstos abonados celulares, los cuales estarían siendo utilizados por miembros de la organización que es objeto de esta indagación para fines ilícitos.

| | USO EXCLUSIVO POLICIA JUDICIAL |
|---|---|
| | **N° CASO** |

| | | 1 | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 0 | 9 | 8 | 2 | 0 | 1 | 1 | 0 | 0 | 3 | 4 | 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| No. Expediente CAD | | Dpto | | Mpio | | Ent | | U. Receptora | | | Año | | | | Consecutivo | | | | | | |

### INVESTIGADOR DE CAMPO –FPJ-11-

Este informe será rendido por la Policía Judicial para aquellas tareas puntuales que no sean objeto de informe ejecutivo

| Departamento | Cundinamarca | Municipio | Bogotá | Fecha | 05/01/12 | Hora: | 1 | 2 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|

## 1. Destino del informe:

**Fiscal 7 Especializado UNAIM – Fiscalía General de la Nación.**

Conforme a lo establecido en los artículos 209, 255, 257, 261 y 275 del C.P.P. me permito rendir el siguiente informe.

## 2. Objetivo de la diligencia

### Solicitud Interceptación de Comunicaciones Telefónicas
### Artículo No. 235 C.P.P.

1. **Abonado Celular No. 300-7521443:** Utilizado por alias **MAÑE.** Dicho abonado celular se obtuvo a través de la interceptación del abonado celular No. 300-5320756 utilizado por **AMIGO MAÑE**, este último interceptado a través de orden a policía judicial de fecha 06/10/11.

### Comunicados de Interés

- 03/01/12 a las 14:01:03 horas: **MAÑE** le dice a NN que lo dejaron esperando con carro y chofer y que ahora quieren la vuelta para el miércoles o jueves; NN dice que cuanto es lo que se gana?; **MAÑE** dice que son 800 mil de los grandes; NN dice que eso si vale la pena, que el nuevo de él es **0424-1023117**; **MAÑE** dice que a ese le va a pasar por un mensaje el nuevo.

Este abonado celular requiere ser controlado a fin ubicar e identificar los miembros de la organización, de igual forma obtener elementos materiales de prueba y evidencia física, que conduzca a la recolección de

acervo probatorio para el desmantelamiento de la presunta estructura criminal.

## 3. Dirección en donde se realiza la actuación

Sala Verde del Sistema Esperanza, Proceso Control Precursores Químicos, Grupo de Investigación Criminal de la Dirección de Antinarcóticos - Policía Nacional. Territorio Nacional.

## 4. Actuaciones realizadas

La indagación que en la fecha nos ocupa, tiene como génesis una carta de fecha 12 de septiembre del año 2.011 emitida y firmada por el Agente Especial de la DEA el señor FRITZ DIEHM. En dicha carta el Agente Especial de la DEA - que fue entrega a esta Unidad teniendo en cuenta los tratados internacionales, entre ellos lo estipulado en la Convención de Viena de 1.988 en sus artículos séptimo (7) referente a la Asistencia Judicial y noveno (9) relacionado con otras formas de Cooperación y Capacitación entre los Estados, así mismo lo determinado en la **Convención De Las Naciones Unidas Contra La Delincuencia Organizada,** cuyo propósito es promover la cooperación para prevenir y combatir eficazmente la delincuencia organizada transnacional, Articulo 1 y Articulo 18 - nos informan que la oficina de la DEA ha recibido información con un alto nivel de confiabilidad, donde se da a conocer la existencia de una organización criminal con injerencia en las ciudades de Bogotá, Medellín, Cali y la Costa Atlántica, dedicada al tráfico de estupefacientes hacia Centro América y los Estados Unidos. Estructura delincuencial que estaría al mando de alias **DIEGO MARÍN** alias **PITUFO,** quien tiene su centro de injerencia en la ciudad de Cali, desde donde coordina el envío de estupefacientes hacia los Estados Unidos, utilizando países Centroamericanos como lugares de tránsito para el tráfico de cocaína.

## 5. Toma de muestras

| No. de EMP y EF | Sitio de recolección | Descripción de EMP y EF |
|---|---|---|
| XXXXXXX | XXXXXXXX | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX |

Nota: En el evento en que se recolecten EMP o EF, inicie los registros de cadena de custodia.

## 6. Descripción clara y precisa de la forma, técnica e instrumentos utilizados

*Versión 18/11/05*

El equipo disponible denominado servidor Sala Verde que se encuentra conectado al Sistema Esperanza de la Fiscalía General de la Nación a través de un canal de comunicaciones llamado Lincoln, el cual es codificado mediante la aplicación del programa Penk Link, a las diferentes estaciones de escucha que son monitoreadas permanentemente por un analista previamente seleccionado por la Jefatura de la Unidad.

## 7. Resultados de la actividad investigativa (Descripción clara y precisa de los resultados)

**Abonado Celular No. 300-7521443:** Utilizado por alias **MAÑE**. Dicho abonado celular se obtuvo a través de la interceptación del abonado celular No. 300-5320756 utilizado por **AMIGO MAÑE**, este último interceptado a través de orden a policía judicial de fecha 06/10/11.

Nota: En este punto Indique el destino de los EMP y EF si los hubiere

## 8. Anexos:

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

## 9. Servidor de Policía Judicial:

| Entidad | Código | Grupo de PJ | Servidor | Identificación |
|---------|--------|-------------|----------|----------------|
| PONAL | 60 | COPRE | Intendente **HEVER MURILLO CADENA** | 79.875.317 |

Firma,

Nota: En caso de requerir más espacio para diligenciar alguna de estas casillas, utilice hoja en blanco anexa, relacionado el número de Noticia criminal.

Versión 18/11/05

*I need you to mail document to me*

2696

No. 2696

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to request the extradition of Dwight Warren Knowles, a Bahamian fugitive, in accordance with Article 35 of the Constitution of Colombia of 1991, as amended by the extradition reform act which entered into force on December 17, 1997, the applicable procedural criminal legislation regarding extradition, relevant treaties to which both Colombia and the United States are party, and applicable principles of international law.  The Embassy also requests the seizure of all articles, property, funds, and/or proceeds in the possession of the fugitive at the time of arrest which may serve as evidence of the offenses charged, so they may be surrendered with the fugitive upon his extradition to the United States.  Dwight Warren Knowles is the subject of Embassy diplomatic note No. 2305, dated October 29, 2013, which requested his provisional arrest for the purpose of extradition.

Dwight Warren Knowles is wanted to stand trial for a federal narcotics offense.  He is the subject of indictment No. 1:12-cr-00266, filed on December 12, 2012, in the United States District Court for the District of Columbia, charging him with:

Count One:  Conspiracy to distribute, and possess with intent to distribute, five kilograms or more of a controlled substance (cocaine), on

DIPLOMATIC NOTE

*I need you to mail document to me*

2696          -3-

All of the alleged criminal activity took place subsequent to December 17, 1997.

Narcotics violations are also criminal offenses in Colombia as provided in Articles 375 through 385 of the 2000 Colombian Criminal Code, which entered into force on July 24, 2001. Seizure and surrender of articles are covered by the applicable procedural criminal legislation regarding extradition.

The Embassy has the honor to include authenticated documents, along with corresponding translation, supporting the aforementioned request for the extradition of Dwight Warren Knowles. The Embassy wishes to make the following clarifications to the extradition documents and to the aforementioned Embassy diplomatic note No. 2305:

-- The aforementioned diplomatic note incorrectly cited Dwight Warren Knowles' date of birth as June 25, 1970, rather than his correct date of birth of June 23, 1970. Knowles' correct date of birth is properly described in this diplomatic note.

-- The aforementioned diplomatic note indicates that the conspirators planned to transport a total of between 3,600 and 4,500 kilograms of cocaine, and as reflected in the agent's affidavit, in one of the lawfully intercepted phone conversations made on May 20, 2012, Knowles discussed

2696

board an aircraft registered in the United States, and aiding and abetting that same offense, contrary to Title 21, United States Code, Section 959(b), in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B) and Title 18, United States Code, Section 2.

The indictment also includes a criminal forfeiture penalty pursuant to Title 21, United States Code, Sections 853 and 970, which seeks the forfeiture of any property derived from proceeds obtained as a result of the offenses. If such property is unavailable, the above statutes allow other property of the defendant to be forfeited.

A warrant for the arrest of Dwight Warren Knowles on this charge was issued on December 12, 2012, by order of the above court. The arrest warrant remains valid and executable.

The facts of the case are that Dwight Warren Knowles participated in a conspiracy to use a United States-registered aircraft (tail number N157PA) to transport between 3,600 and 4,500 kilograms of cocaine from Venezuela to Honduras. The time period of the conspiracy is from May 2011 through December 12, 2012. Knowles was overheard in lawfully intercepted telephone conversations discussing various aspects of the conspiracy, including the acquisition of the N157PA aircraft, the logistics of flying the aircraft to and from several countries, and the transportation of multi-thousand kilogram quantities of cocaine on board that aircraft.

2696

transporting approximately 2,000 kilograms of cocaine. The 2,000

kilograms described in the formal extradition documents is one part of the

total amount of cocaine, which the conspirators planned to transport on a

United States registered aircraft.

-- The indictment cites the case number as 1:12-cr-00266, the arrest

warrant cites the case number as CR-12-266-02, and the prosecutor's and

agent's affidavits cite the indictment number as 1:12-CR-00266-02(RWR).

All of these reference numbers are considered correct in the United States

District Court for the District of Columbia and refer to the case against

Dwight Warrant Knowles and his co-conspirators.

-- Paragraph 15 of the prosecutor's affidavit incorrectly states that the

maximum penalty for a violation of Count One includes a fine of $4,000,000

United States dollars.  The full maximum penalty for a violation of Title 21,

United States Code, Section 960(b)(1)(B), includes a maximum fine of

$10,000,000 United States dollars.

-- The grand jury indicted Dwight Warren Knowles under the name

"Dwight Knowles," rather than his complete correct name of "Dwight

Warren Knowles."  That does not affect the validity of the indictment under

United States law.  Under United States law, the fugitive's name can be

corrected in this document at any time, including after his extradition to the

3et

*I need you to mail document to me*

2690

-5-

United States.  The provisional arrest request properly referenced the correct name of Dwight Warren Knowles.

The Embassy wishes to call to the Ministry's attention that the initial certification pages from the United States Department of Justice and the United States Department of State are intended to certify that all supporting documents included with this extradition request are true and authentic copies of the originals, which will serve as the basis for trying this individual in the United States.

The Embassy wishes to inform the Ministry that Dwight Warren Knowles, also known as "Dwight," also known as "Dwight Knowles," also known as "Arizona," is a citizen of the Bahamas, born on June 23, 1970, in the Bahamas.  He holds a Bahamian passport number 245348, issued on March 10, 2005.

The Embassy has the honor to make reference to Ministry diplomatic note No. DIAJI/GCE 2524, dated November 13, 2013, informing the Embassy that Dwight Warren Knowles was arrested for extradition purposes on November 6, 2013.

(5)

2696

The Embassy of the United States of America avails itself of this
opportunity to renew to the Ministry of Foreign Relations of the Republic of
Colombia the assurances of its highest consideration.

Embassy of the United States of America,
Bogotá, D.C., December 31, 2013.

(6)

*108*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

DWIGHT WARREN KNOWLES
    a/k/a "Dwight Knowles,"
    a/k/a "Dwight,"
    a/k/a "Arizona,"

        Defendant.

**AFFIDAVIT IN SUPPORT
OF EXTRADITION**

**CASE NUMBER
1:12-CR-00266-02 (RWR)**

I, Christopher Lane, being duly sworn, depose, and state:

1.     I am a citizen of the United States and a resident of the State of Florida.

2.     I am a Special Agent with the Drug Enforcement Administration (DEA) in Chantilly, Virginia.  The DEA is a law enforcement agency of the United States with a responsibility for enforcing federal narcotics laws.  I have been a Special Agent with the DEA since November 2002.

3.     As a Special Agent with the DEA, I have personally conducted and participated in numerous investigations that have resulted in the arrests and convictions of people responsible for trafficking in narcotics.

4.     Based upon my training and experience as a Special Agent with the DEA, I am familiar with the means and methods that narcotic traffickers use to import illicit drugs and launder drug proceeds, and I am familiar with the support and assistance that narcotics trafficking organizations require to conduct their illegal activities.

*I need you to mail document to me*

5.    My duties have included an investigation of Dwight Warren Knowles, a/k/a "Dwight Knowles," a/k/a "Dwight," a/k/a "Arizona," (Knowles) in the case entitled United States of America v. Sergio Gonzalez-Bencomo, et al., case number 1:12-cr-00266. As one of the lead investigators, I am familiar with the evidence in the case.

## BACKGROUND

6.    The investigation has revealed that Knowles and others were members of a drug trafficking organization (DTO) that, since May 2011, conspired to transport multi-ton kilogram quantities of cocaine on board aircraft registered in the United States and owned by a United States citizen.

7.    Information obtained by the Colombian National Police (CNP) from lawfully-intercepted telephone and e-mail conversations indicates that Knowles and others conspired to use a U.S.-registered aircraft bearing U.S. Federal Aviation Administration (FAA) registration number N157PA (hereinafter, "the N157PA aircraft") to transport cocaine. As described below, Knowles was intercepted discussing various parts of the conspiracy, including the acquisition of the N157PA aircraft, the logistics of flying the aircraft to and from several countries, and the transportation of multi-thousand kilogram quantities of cocaine on board that aircraft.

## EVIDENCE

8.    In the lawfully-intercepted e-mail messages, members of the DTO, including Knowles, communicated regarding the use of the N157PA aircraft to transport cocaine, occasionally using cryptic and coded language. Following are examples of these e-mail messages:

    a.    In May 2011, Knowles sent several e-mail messages in which he stated that he could "get a lot of work" for N157PA, and confirmed that co-



defendant Dario Davis (Davis) was a pilot capable of flying the N157PA

aircraft.  Based on my training and experience, I believe the phrase "a lot

of work" was a reference to transporting a large quantity of narcotics.

b.    In June 2011, Knowles sent an e-mail message to an associate to

which he attached a document containing the registration information for

the N157PA aircraft.  The document also listed the U.S.-based registrant

for the N157PA aircraft, along with the aircraft's type, manufacturer, and

model, and listed Davis as the pilot of the aircraft.  A review of U.S. FAA

records confirms that the N157PA aircraft is registered in the United

States and owned by a United States citizen.

9.    In July 2011, the CNP began lawfully intercepting telephone conversations and

text messages between DTO members, including Knowles, Davis, Trevor Ferguson (Ferguson),

Sergio Gonzalez Bencomo (Gonzalez Bencomo), and Oral George Thompson (Thompson).

Many of those communications related to the acquisition and use of the N157PA aircraft for

transporting cocaine, and the division of profits after the successful transport.  Investigators

identified Gonzalez Bencomo as the lead organizer of the transport, Thompson and Ferguson as

aircraft brokers and drug traffickers who assisted in acquiring the N157PA aircraft and

organizing the logistics of the transport, Knowles as a coordinator for the transport, and Davis as

the pilot for the transport.  Following are examples of those conversations:

a.    On May 20, 2012, Gonzalez Bencomo called Knowles and told him that

"two mils" (a reference to two thousand kilograms of cocaine) would be

"going," and that Gonzalez Bencomo and Knowles would each be paid

"1,000" (based on my training and experience I believe meant USD

*I need you to read document to me*

$1,000 per kilogram of cocaine transported). The following day, during

another conversation between Gonzalez Bencomo and Knowles, Knowles

said that each of the pilots should be paid "100" (a reference to USD

$100,000) aand that co-conspirator Ferguson should be paid more.

Gonzalez Bencomo said that he and Knowles would share the remaining

amount "five for me and five for you" (meaning USD $500,000 each).

b. In several conversations between Gonzalez Bencomo and Ferguson from

May 20 to May 24, 2012, the two men discussed the payment of USD

$25,000 for the lease of the N157PA aircraft for the drug transport

through wire transfers in varying amounts. Wire transfer records obtained

by law enforcement confirmed the amounts of U.S. dollars sent and the

recipients of the money for the lease of the aircraft.

c. In a May 23, 2012, conversation, Gonzalez Bencomo told Knowles that

"the car" would be in the "H" to get "water" before going to the "farm" to

get "passengers." Based upon my experience and training, I believe that

Gonzalez Bencomo meant that the N157PA aircraft would be flown to

Haiti to acquire fuel, and from there the airplane would be flown to a

location in Venezuela where kilograms of cocaine were located. Knowles

asked if Gonzalez Bencomo planned to do "two or three." Gonzalez

Bencomo replied that he had planned to do "three." Based on my training

and experience, I believe Gonzalez was stating that he planned to use the

N157PA aircraft to complete a total of three drug transports from

Venezuela to Honduras.

4   (4)   3et

10.   On May 24, 2012, Davis, with Ferguson as a passenger, flew the N157PA aircraft from the Bahamas to Haiti.  Because Davis had not filed a flight plan, nor notified the air traffic control towers in the Bahamas or Haiti before taking off or landing, Haitian authorities arrested Davis and Ferguson for unauthorized use of the aircraft, and seized the N157PA.

11.   In text messages between Davis, who was in custody in Haiti, and Gonzalez Bencomo on May 25 and May 26, 2012, Davis pleaded for Gonzalez Bencomo's assistance in securing his (Davis') release from prison.  Gonzalez Bencomo advised Davis that DTO members were working to secure his release.

12.   In a May 27, 2012, telephone conversation between Knowles and Thompson, Thompson said he was attempting to locate high-ranking associates to help secure the release of Davis and the N157PA aircraft in Haiti.  Thompson told Knowles that the reason for the seizure of the aircraft was that the DTO members had not paid "in advance" (meaning that the DTO had not made payments to air traffic control personnel to permit them to land the N157PA aircraft without the required approvals and flight plan).

## IDENTIFICATION

13.   Dwight Warren Knowles, a/k/a "Dwight Knowles," a/k/a "Dwight," a/k/a "Arizona," is a citizen of the Bahamas, born on June 23, 1970 in the Bahamas.  He is the holder of Bahamian passport number 245348.  Attached as Exhibit E is a photograph of Knowles.  One of Knowles' co-conspirators, who is cooperating with U.S. law enforcement, has identified the person depicted in Exhibit E as Knowles, the individual who participated in the conspiracy to transport large quantities of cocaine onboard the N157PA aircraft, as described above.  In addition, law enforcement agents in Colombia have confirmed that the individual depicted in

xhibit E is Dwight Warren Knowles, the individual arrested on the provisional arrest warrant

ssued in this case.

_____
CHRISTOPHER LANE
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

SWORN AND SUBSCRIBED BEFORE
ME THIS 13th DAY OF DECEMBER, 2013

_____
HON. ALAN KAY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

I need you to mail
document to me

3set

6

( b )