UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. Action No. 12-cr-266-2 (ABJ) |
| DWIGHT WARREN KNOWLES (2), a.k.a. "Arizona," | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION & ORDER

Defendant Dwight Knowles has filed two *pro se* motions, challenging the legality of his 2017 indictment and conviction for conspiracy to distribute cocaine via a U.S.-registered aircraft in violation of 21 U.S.C. §§ 959(b), 960(b)(1)(B), 963, and 18 U.S.C. § 2. Mot. to Dismiss Indictment [Dkt. # 365] (Jan. 6, 2020) ("Mot. to Dismiss"); Mot. to Req. Immediate Hr'g [Dkt. # 374] (Sept. 30, 2020) ("Mot. for Hr'g"). Judgment was entered in the case on August 7, 2017, and defendant is serving a twenty-year sentence. *See* Judgment [Dkt. # 274] at 1. He filed a timely appeal, and his conviction was upheld on April 23, 2019. *United States v. Thompson*, 921 F.3d 263 (D.C. Cir. 2019)

The government argues that the Court lacks jurisdiction to hear the motions; because defendant's conviction is final, his only available remedy is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. And as written, the motions do not invoke this provision. Gov't Resp. to Def.'s Mot. to Dismiss Indictment [Dkt. # 369] (Aug. 18, 2020) ("Gov't Resp. to Mot. to Dismiss") at 2–3; Gov't Resp. to Def.'s Mot. to Req. Immediate Hr'g [Dkt. # 376] (Oct. 27, 2020) ("Gov't Hr'g Resp.") at 2–3. But *pro se* pleadings are to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and in the post-conviction context, a court need not

accept a litigant's characterization of his motion. *Castro v. United States*, 540 U.S. 375, 381 (2003); *Brown v. Wachovia Bank*, Civ. Action No. 06-0153 (RMC), 2007 WL 1378491, at *3 (D.D.C. May 10, 2007).

The Court finds that both of defendant's motions are the functional equivalent of section 2255 motions. Therefore, it will re-characterize them, inform defendant of the consequences of this change, and provide defendant an opportunity to withdraw or amend the motions "so that [they] contain[] all the [section] 2255 claims he believes he has." *Castro*, 540 U.S. at 383. Before ruling on the pending motions, then, the Court will give defendant time to amend his motion(s), should he choose to do so.

## BACKGROUND

On December 12, 2012, defendant Dwight Knowles was indicted along with co-defendants Oral George Thompson, Sergio Gonzalez-Bencomo, Dario Davis, and Trevor Ferguson for conspiring to distribute cocaine from Colombia and Venezuela to Honduras via a U.S.-registered aircraft, in violation of 21 U.S.C. §§ 959(b), 960(b)(1)(B), 963, and 18 U.S.C. § 2. Indictment [Dkt. # 339] at 1–2. In March 2016, a jury convicted defendant for his role in the conspiracy. Verdict Form [Dkt. # 229]. This Court sentenced defendant to twenty years of imprisonment followed by five years of supervised release. Judgment at 2–3. On April 23, 2019, the D.C. Circuit affirmed defendant's conviction, and on November 18, 2019, the United States Supreme Court denied his petition for certiorari. *Thompson*, 921 F.3d at 270, *cert. denied sub nom.*, *Knowles v. United States*, 140 S. Ct. 528 (2019).

On January 6, 2020, defendant filed a *pro se* "Motion to Dismiss Indictment." Mot. to Dismiss. Defendant alleges the grand jury lacked probable cause to indict him, and he suggests that the government presented "false evidence" to the grand jury. *Id.* ¶¶ 6–9. Defendant seeks

2

disclosure of all evidence presented to the grand jury and, if appropriate, dismissal of his case. *Id.* ¶¶ 10–13.

On September 30, 2020, defendant also filed a *pro se* "Motion to Request Immediate Hearing." Mot. for Hr'g. Defendant asserts that his arrest, conviction, and imprisonment were improperly based on evidence obtained by virtue of what defendant claims was an illegal wiretap conducted by the Colombia National Police, in violation of his Fourth Amendment right under the U.S. Constitution. *Id.* at 1–5.

The government opposes both motions, noting that defendant's conviction was final upon the Supreme Court's denial of certiorari, and therefore, the only means available to attack his conviction now would be to file a motion under 28 U.S.C. § 2255. Gov't Resp. to Mot. to Dismiss at 2; Gov't Hr'g Resp. at 2. The government maintains that neither motion can "reasonably be construed as a collateral attack pursuant to [s]ection 2255." Gov't Resp. to Mot. to Dismiss at 3; Gov't Hr'g Resp. at 3.

## LEGAL STANDARD

A federal prisoner who fails to obtain relief on direct review may challenge the legality of his underlying conviction by filing a motion before the court that imposed his sentence "to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). He may allege in such a motion that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

Except in the rare instances in which section 2255 is "inadequate or ineffective," 28 U.S.C. § 2255(e), the provision provides the exclusive remedy for federal prisoners seeking post-conviction review. *Mathison v. United States*, 648 F. Supp. 2d 106, 111 (D.D.C. 2009), quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). But section 2255 "does not

3

encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). A federal prisoner cannot collaterally attack his conviction on a claim he did not raise on direct review, unless (1) the claim alleges ineffective assistance of counsel; (2) the claim alleges "actual innocence"; or (3) the prisoner can show "cause" for his failure to raise the issue on direct review and "prejudice" as a result of the claimed violation. *Bousley v. United States*, 523 U.S. 614, 622–23 (1998), citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *United States v. Cook*, 130 F. Supp. 2d 43, 45 (D.D.C. 2000), *aff'd*, 22 F. App'x 3 (D.C. Cir. 2001). Moreover, the prisoner "bears the burden of proving the violation by a preponderance of the evidence." *United States v. Basu*, 881 F. Supp. 2d 1, 4 (D.D.C. 2012), citing *United States v. Pollard*, 602 F. Supp. 2d 165, 168 (D.D.C. 2009). And "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the sentencing court must hold an evidentiary hearing on the section 2255 motion. 28 U.S.C. § 2255(b).

The statute also addresses the filing of "successive" motions. Under 28 U.S.C. § 2255(g), a prisoner may file a successive section 2255 motion only if the successive motion is certified by "the appropriate court of appeals to contain either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because courts lack subject matter jurisdiction to adjudicate previously available claims in successive section 2255 motions, federal prisoners seeking post-conviction relief must include in their first section 2255 motion all claims available to them at the time. *See id.*

## ANALYSIS

The government contends that this Court lacks jurisdiction to adjudicate defendant's *pro se* motions. Gov't Resp. to Mot. to Dismiss at 1–2; Gov't Hr'g Resp. at 1–2. The Court agrees that it was divested of jurisdiction over defendant's case when he filed his notice of appeal, *see United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016); citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (per curiam), and that defendant's conviction became final when the Supreme Court denied his certiorari petition. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Knowles*, 140 S. Ct. 528. Because the Court never regained jurisdiction over defendant's case, the government argues that defendant's failure to file his *pro se* motions under 28 U.S.C. § 2255 bars the Court from considering his claims. Gov't Resp. to Mot. to Dismiss at 2–3; Gov't Hr'g Resp. at 2–3.

It is true that defendant did not caption his *pro se* motions as section 2255 motions to vacate, set aside, or correct his sentence; nor did he cite section 2255 in his submissions. *See* Mot. to Dismiss; Mot. for Hr'g. But because defendant's *pro se* motions are both amenable to recharacterization as section 2255 motions, the Court is not prepared to dismiss them on jurisdictional grounds.

When evaluating a *pro se* prisoner's pleading, the court must properly characterize the filing according to the nature of the relief sought, in order "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro*, 540 U.S. at 381–82 (citations omitted). "Therefore, a motion functionally equivalent to a [section] 2255 motion should be construed as such, regardless of the caption on the pleading." *Brown*, 2007 WL 1378491, at *3, citing *United States v. Palmer*, 296 F.3d 1135, 1145 (D.C. Cir. 2002).

Because section 2255 is, in nearly all cases, the exclusive remedy for federal prisoners seeking post-conviction relief, *see Caravalho*, 177 F.3d at 1178, *pro se* motions attacking the legality of a prisoner's underlying conviction or sentence are frequently recharacterized as section 2255 motions. *See, e.g.*, *Brown*, 2007 WL 1378491, at *3; *Amin v. Barr*, Civ. Action No. 19-3418 (RC), 2020 WL 4049903, at *1–4 (D.D.C. July 20, 2020); *Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008); *Campbell v. United States*, No. CRIM 92-0213-01 (TFH), 2006 WL 1660798, at *1 (D.D.C. May 30, 2006); *McLean*, 2006 WL 543999, at *1–2. The usual rationale for recharacterization is that the federal prisoner is seeking to collaterally attack his underlying conviction or sentence. *Brown*, 2007 WL 1378491, at *3; *Campbell*, 2006 WL 1660798, at *1; *McLean*, 2006 WL 543999, at *1–2.

Although courts are free to recharacterize *pro se* motions as successive section 2255 motions, *see McLean*, 2006 WL 543999 at *2, the restrictions contained in section 2255(h) require additional safeguards before characterizing a *pro se* litigant's motion as a *first* section 2255 motion. *See Castro*, 540 U.S. at 382–83. In these instances, the court must inform the litigant of its intent to recharacterize the motion, warn the litigant of the consequences of doing so, and provide the litigant with an opportunity to amend or withdraw his motion "so that it contains all the [section] 2255 claims [the litigant] believes he has." *Id.* at 383.

Here, both the "Motion to Dismiss Indictment" and the "Motion to Request an Immediate Hearing" attack the validity of defendant's conviction and seek dismissal of the charges against him. Mot. to Dismiss ¶¶ 7, 11–13; Mot. for Hr'g ¶ 6. Therefore, defendant's "Motion to Dismiss Indictment" and "Motion to Request an Immediate Hearing" are the functional equivalents of section 2255 motions, and the Court will construe them as such.

Because defendant has not previously filed a section 2255 motion, the Court must adhere to the requirements articulated in *Castro*. Accordingly, the Court instructs the defendant that he may identify the motion or motions he intends to pursue under section 2255, and it grants him the opportunity to withdraw one or both of them.  **Defendant should take note:**

- **if he elects to withdraw both motions, he will lose his right to file a section 2255 claim, because the one-year statute of limitations on such motions expired on November 18, 2020,[1] *see* 28 U.S.C. § 2255(f)**;

- if he withdraws his "Motion to Dismiss Indictment," the Court will proceed to adjudicate his "Motion to Request an Immediate Hearing" under section 2255;

- if he withdraws his "Motion to Request an Immediate Hearing," the Court will proceed to adjudicate his "Motion to Dismiss Indictment" under section 2255; and

- if he withdraws neither motion, the Court will deny and dismiss his "Motion to Request an Immediate Hearing" for failure to comply with section 2255(h) and proceed to adjudicate his "Motion to Dismiss Indictment" under section 2255.

**Defendant is further instructed that he may amend any non-withdrawn motion to include additional claims, including claims present in a withdrawn motion, as well as any other claims he may have that are viable under section 2255**.

Finally, defendant should be aware of the restrictions on successive motions. **Defendant must raise all claims presently available to him in his first section 2255 motion. *See* 28 U.S.C. § 2255(h).**  Additionally, claims not raised on direct review – other than actual innocence or ineffective assistance of counsel – may not be brought in a section 2255 motion absent a showing of "cause" and "prejudice."  *See Bousley*, 523 U.S. at 622;

---

1   Despite the passing of one year since defendant's judgment of conviction became final, defendant may still file a section 2255 motion if he can demonstrate the applicability of 28 U.S.C. §§ 2255(f)(2)–(3).

*Cook*, 130 F. Supp. 2d at 45. And, successive motions will not be considered unless they are certified by "the appropriate court of appeals to contain either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

## CONCLUSION

For the foregoing reasons, the Court finds it appropriate to recharacterize defendant's "Motion to Dismiss Indictment" and "Motion to Request an Immediate Hearing" as section 2255 motions to vacate, set aside, or correct his sentence. Accordingly, the Court **ORDERS** defendant to inform the Court by March 22, 2021, as to what if any action he intends to take with respect to his two pending motions. If defendant does not do so, the Court will recharacterize both motions, deny and dismiss defendant's "Motion to Request an Immediate Hearing" for failure to comply with section 2255(h), and proceed to adjudicate defendant's "Motion to Dismiss Indictment" under section 2255.

**SO ORDERED**.

                                                  AMY BERMAN JACKSON
                                                  United States District Judge

DATE: February 5, 2021